W. S. HARROD *vs.* WALTER H. McDANIELS, administrator

Middlesex. Jan. 24. — March 10, 1879. AMES & SOULE, JJ., absent

In an action against A. as indorser of a promissory note, it appeared that B., acting as the attorney of A., signed the name of the latter on the back of the note in October 1874; that, in May 1874, A. gave B. a power of attorney, which authorized him to manage A.'s property during the absence of the latter from the United States and to sign notes; that, in August 1874, A. returned to the United States and was there when the note was executed; and that, in August 1875, A., with other creditors of the maker of the note in suit, who had then become bankrupt, signed an agreement of composition under seal and received a dividend on the note from the bankrupt's estate, and agreed to save the maker of the note harmless from liability upon such notes as were signed or indorsed by each of them, having been previously informed by B. that he had signed the same in the name of A. under the power of attorney; that, after the return of A., and before the note in suit was made, other notes were signed by B. as the attorney of A., with no other authority than he then possessed under the power, which were subsequently paid by A. *Held,* that there was sufficient evidence of a ratification of B.'s act.

CONTRACT against the administrator of Maria L. Nesmith, upon a promissory note, dated October 5, 1874, payable to the order of the plaintiff, one year after date, signed by George T. Comins, and indorsed, before delivery to the payee, " M. L. Nesmith by Edward Hastings, attorney." Writ dated February 19, 1879. Trial in the Superior Court, before *Wilkinson*, J., who ordered a verdict for the defendant; and the plaintiff alleged exceptions, the material parts of which appear in the opinion.

*D. S. Richardson & J. F. McEvoy*, for the plaintiff.

*T. H. Sweetser & G. A. A. Pevey*, for the defendant.

COLT, J. The name of Maria L. Nesmith, the defendant's intestate, was signed to the note in suit by Hastings acting as her attorney in October 1874. In May 1873, she had given Hastings a power of attorney to collect and invest her money, to give notes in her name, to sell and convey personal property and real estate, and to prosecute and defend suits; with full power to manage all her estate, real and personal, during her absence from the United States. In August 1874, she returned from Europe to her residence in Lowell, where she remained until her death in 1876.

Assuming that the authority given by the power of attorney continued only during the absence of the principal from the United States, the question remains, whether the evidence offered by the plaintiff to show original authority or a subsequent ratification of Hastings's act in signing the note ought to have been submitted to the jury.

It was admitted that due notice of the non-payment of the note in suit was given to the intestate, Maria L. Nesmith. See St. 1874, *c.* 404. The plaintiff offered to prove that in August 1875, with other creditors of Comins, the principal maker of the note in suit, who had then become bankrupt, she signed an agreement of composition under seal, and received a dividend on the note from the bankrupt estate, having been previously informed by Hastings that he had signed the same in her name under the power of attorney. He also offered to prove that, after her return in August, and before this note was given, other notes were signed by Hastings as the attorney of said Maria, with no other authority than he

then possessed under the power, which were subsequently paid by her.

The plaintiff asked the court to rule that the agreement of composition was evidence of a ratification of the act of Hastings in signing the note; but the judge ruled otherwise; held that there was no evidence for the jury; and instructed them to return a verdict for the defendant. To this the plaintiff excepted, and his exception is well taken.

The agreement offered in evidence described a large number of notes, including the note in suit, and contained a covenant to indemnify Comins, and save him harmless from all claims arising out of his having signed or indorsed the several notes therein named. In the absence of all other evidence, it is to be presumed that the intestate, when she signed that agreement, knew that her name had been signed to the note in suit by Hastings, nor is this presumption defeated by the proviso at the end of the agreement, by which each subscriber was only required to indemnify Comins from liability on such of the notes as were signed or indorsed by each. This was a necessary stipulation, inasmuch as the subscribers were not all parties to all the notes included in the agreement, and the provision could not have been intended merely to protect the parties from unauthorized signatures. It does not appear that Maria was a party to any other note than the one in suit, and if she was not, the agreement is strong evidence that she recognized the signature as valid and binding. *Monitor Ins. Co.* v. *Buffum*, 115 Mass. 343. As bearing upon this question, the failure of the intestate to repudiate or object to her liability on the note, after notice of non-payment; *Greenfield Bank* v. *Crafts*, 2 Allen, 269; as well as the fact that other notes, similarly signed after her return from abroad, were paid by her, without objection, was competent evidence. *Bragg* v. *Boston & Worcester Railroad*, 9 Allen, 54.

It is a rule in the law of agency, that when the unauthorized act of the agent is done in the execution of a power conferred, in a mode not sanctioned by its terms, and in excess or misuse of the authority given, ratification by the principal is more readily implied from slight acts of confirmation. The duty to disaffirm at once, on knowledge of the act, is said to be more

imperative in such cases, because the confidence of the principal in the fitness and fidelity of the person he has selected as an agent is shown by the relations already established between them. *Foster* v. *Rockwell*, 104 Mass. 167. *Brigham* v. *Peters*, 1 Gray, 139, 147.                    *Exceptions sustained.*