. TEBBETTS *et al. v.* LEVY.

(*City Court of New York, General Term.* December 1, 1890.)

1. GUARANTY—PAROL AUTHORITY.
    Parol authority to execute a guaranty is sufficient, and it may be proved by oral testimony.
2. SAME—EVIDENCE.
    In an action for goods delivered, on a guaranty of payment executed by defendant's wife in his name, it appeared that defendant told plaintiff that his wife would have charge of his business; that they could do business with her as they had with him, and let her have whatever she wanted; that on payment of the goods being demanded he said he would pay the bill, if his wife had guarantied the payment, and was allowed to take the guaranty to show to his wife, which he returned without denying or admitting his liability; and that he subsequently offered to pay one-half of the claim.  *Held*, that it was error to dismiss the complaint, on the ground that no authority to bind defendant was shown; and that apart from the question of original authority there was sufficient evidence of ratification to go to the jury.

Appeal from trial term.

Action by William C. Tebbetts and others against Morris Levy.  Goods to the amount of $379 were delivered to H. Wolf & Son, on a guaranty of payment, executed in the name of the defendant as guarantor.  The guaranty so executed was signed by the wife of the defendant.  The trial judge dismissed the complaint on the ground that no authority to bind the defendant was shown.  From the judgment entered on this dismissal, the plaintiffs appeal.

Argued before McADAM, C. J., and EHRLICH and FITZSIMONS, JJ.

*Stickney, Spencer & Ordway,* for appellants.  *Jacob Manheim,* for respondent.

PER CURIAM.  On appeal from this judgment dismissing their complaint, the plaintiffs are entitled to have all their evidence taken as true, and to be given the benefit of the most favorable inferences deducible therefrom.  *Weil* v. *Railroad Co.,* 119 N. Y. 152, 23 N. E. Rep. 487.  Although the statute requires the guaranty to be in writing, it was not necessary that Mrs. Levy's authority to execute it, as defendant's agent, should also be in writing. Parol authority is sufficient, and it may be proved by oral testimony.  *Worrall* v. *Munn,* 5 N. Y. 229; *Dykers* v. *Townsend,* 24 N. Y 57; *Bank* v. *Ballou,* 49 N. Y. 155.  The defendant told the plaintiffs that his wife would have charge of his business; that they could do business with her as they had with him; and that they could let her have whatever she wanted, and it would be all right.  On the defendant's return from Europe, plaintiffs demanded payment from him, and he said if his wife would tell him that she had guarantied the purchase he would pay the bill.  He asked for, and was al-

lowed to take, the guaranty to show to his wife, presumably to ask her whether she did make it, and in a few days returned it with a letter, neither denying nor admitting his liability. The defendant offered to pay half of the claim before suit brought. Taking this evidence as true, as we must on this appeal, it is clear that the jury would have been warranted in drawing the inference that Mrs. Levy had authority from the defendant to sign his name to the guaranty. It is impossible to lay down any inflexible rule by which it can be determined what evidence shall be sufficient to establish an agency in any given case; but it may be said, in general terms, that whatever evidence has the tendency to prove the agency is admissible, even though not full and satisfactory, as it is the province of the jury to pass upon it. *Bickford* v. *Menier*, 36 Hun, 446; *Manufacturing Co.* v. *Burns*, 15 N. Y. St. Rep. 570; *Leslie* v. *Insurance Co.*, 63 N. Y. 27; and see *Railroad Co.* v. *Hcnlein*, 52 Ala. 606; *Morrison* v. *Whiteside*, 17 Md. 452. Apart from the question of original authority, there was sufficient evidence of ratification to go to the jury. 1 Lawson, Rights, Rem. & Pr. § 41; *Harrod* v. *McDaniels*, 126 Mass. 415; *Cairnes* v. *Bleecker*, 12 Johns. 300; *Jervis* v. *Hoyt*, 2 Hun, 637; *Johnson* v. *Jones*, 4 Barb. 369; *Stilwell* v. *Insurance Co.*, 72 N. Y. 392. The case ought to have gone to the jury. It was error to dismiss the complaint, and the judgment entered on such dismissal must be reversed, and a new trial ordered, with costs to the appellant to abide the event.