WILLIAM S. CLARK & others *vs.* DENNIS MURPHY.

Hampden.    September 25, 1895. — October 19, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Payment — Burden of Proof — Agency — Ratification.*

If the only issue in an action of contract for the price of goods sold and delivered is payment, the burden of proof is on the defendant.

An agent who merely solicits orders for goods, sending these orders to his principal to be filled, has no implied authority to receive payment for the goods; and a payment to him will not discharge the purchaser except on proof of some authority to the agent other than that of making sales.

CONTRACT, to recover the price of goods sold and delivered. Trial in the Superior Court, before *Dewey*, J., who directed the

jury to return a verdict for the plaintiffs; and the defendant alleged exceptions. The facts appear in the opinion.

*W. W. McClench*, for the defendant.

*L. White*, for the plaintiffs.

LATHROP, J.   There being no dispute at the trial of this case that the goods for the price of which this action is brought were sold and delivered by the plaintiffs to the defendant, the remaining issue raised by the pleadings is payment. On this issue the burden of proof is upon the defendant. *Burnham* v. *Allen*, 1 Gray, 496. *Hilton* v. *Smith*, 5 Gray, 400. The exceptions on this point show the giving of a check upon a bank to one Marks, who purported to be an agent of the plaintiffs, for the amount of the bill of the goods sued for. The check was made payable to the order of the plaintiffs. Marks forged an indorsement of the plaintiffs' names, and obtained the money. The question then is as to the authority of Marks to receive payment. As the case was taken from the jury by the presiding judge, who directed a verdict for the plaintiffs, we must in considering this question lay aside the testimony put in by the plaintiffs, unless there is something in it favorable to the defendant.

The exceptions show that Marks was a travelling salesman for the plaintiffs, " whose business it was to solicit orders for the plaintiffs for their goods "; that Marks called upon the defendant and received an order for the goods, the price of which is sued for; that this order was transmitted to the plaintiffs, accepted by them, and the goods were duly forwarded to the defendant, and received and accepted by him.

There is no doubt, on these facts, that the plaintiffs are entitled to recover. An agent who merely solicits orders for goods, sending these orders to his principal to be filled, has no implied authority to receive payment for the goods; and a payment to him will not discharge the purchaser except on proof of some authority to the agent other than that of making sales. There was no evidence here that the goods were intrusted to the agent, or that the plaintiffs had in any way held out Marks as a person authorized to receive payment. The case is the simple one of a payment made to a person who has authority to make sales, and who is not shown to have any

other authority. In such a case, if the purchaser sees fit to make a payment to him, he does so at his own risk. *Clough* v. *Whitcomb*, 105 Mass. 482. *Seiple* v. *Irwin*, 30 Penn. St. 513. *Law* v. *Stokes*, 3 Vroom, 249. *Kornemann* v. *Monaghan*, 24 Mich. 36. *Hirshfield* v. *Waldron*, 54 Mich. 649. *McKindly* v. *Dunham*, 55 Wis. 515. *Butler* v. *Dorman*, 68 Mo. 298. *Chambers* v. *Short*, 79 Mo. 204. *Clark* v. *Smith*, 88 Ill. 298.

We find nothing in the evidence which would have warranted the jury in finding that the plaintiffs, by their subsequent conduct, had ratified the act of the defendant in giving his check to Marks.                            *Exceptions overruled.*