LAKESIDE PRESS AND PHOTO-ENGRAVING COMPANY, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF MAINE, PLAINTIFF IN ERROR, VS. J. R. CAMPBELL, DEFENDANT IN ERROR.

1. If irrelevant or immaterial testimony be given in answer to a proper interrogatory, the appropriate remedy is by motion to strike the testimony, and not by objections to the interrogatory.

2. The burden of proof is upon a defendant pleading payment to sustain such plea by a preponderance of evidence.

3. An agent employed by his principal "as traveling salesman and soliciting work and orders of all kinds and descriptions" done by the principal in the line of its business, all orders to be subject to the principal's acceptance, who has no express authority to make collections for his principal, and who has not been held out by the principal as possessing such authority, has no implied power to collect the amount due his principal for printed circulars for which the agent takes and forwards an order addressed to his principal, and which are subsequently delivered by a carrier, and not by the agent.

524 SUPREME COURT.

Lakeside Press Photo-Engraving Co. v. Campbell.—Opinion of Court.

4. An agent's declarations are insufficient to establish the extent of his authority, in the absence of evidence that such declarations were known to, and acquiesced in, or ratified, by his principal.

5. Payment to an agent to be binding upon the principal must be made to an agent having express or implied authority to collect, or who has been held out to the debtor or the public by his principal as possessing authority to make collections. Payment to any other agent, under the *bona fide* belief that such other agent has authority to collect, will not bind the principal, in the absence of a ratification of such payment by the principal.

Writ of error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion.

*Stephen E. Foster*, for Plaintiff in Error.

*J. W. Archibald*, for Defendant in Error.

CARTER, J.:

On May 9, 1893, plaintiff in error began an action of assumpsit for work and labor done and materials furnished, and upon account stated, against defendant in error, in the Circuit Court of Duval county. The defendant pleaded payment, upon which issue was joined and a trial by jury had at the Spring term, 1894, resulting in verdict and judgment for defendant, from which plaintiff sued out this writ of error.

On September 12, 1892, the defendant gave plaintiff, through one S. M. Miller, its traveling salesman and soliciting agent, an order for 20,000 booklets or circulars, at $250, to be paid December 20, 1892. The circulars were shipped to defendant about November 19, 1892. On January 3, 1893, Miller called upon defendant, requesting payment of the indebtedness and de-

.fendant gave him a check for same payable to "Lake-side Press." Plaintiff subsequently demanded payment of the amount due from defendant, which was refused, whereupon the present suit was instituted.

I. The third cross-interrogatory to the witness Crafts sought to obtain evidence that Miller had accounted to plaintiff for the proceeds of the check given him by defendant, or disposed of the check to plaintiff's use, with notice to it that the same was in payment of defendant's indebtedness. The fourth cross-interrogatory sought to obtain evidence that plaintiff had held out to its patrons that Miller was general manager of its southern business, and as a consequence possessed of greater authority than a mere traveling salesman or soliciting agent. These matters were clearly relevant and material to the issue being tried, and as plaintiff's objections to these interrogatories were based upon the grounds of immateriality and irrelevancy only, the court very properly overruled them. It is insisted that the answers to these interrogatories were irrelevant. But no objection was made to the answers in the court below, nor was there a motion to exclude or strike from evidence any portion of the same. If irrelevant testimony be given in answer to a proper question, the appropriate remedy is by motion to strike the testimony. Mann vs. State, 23 Fla. 610, 3 South. Rep. 207; Jacksonville, Tampa & Key West Ry. Co. vs. Peninsular Land, Transp. & Manuf'g. Co., 27 Fla. 1, 9 South. Rep. 661; Ortiz vs. State, 30 Fla. 256, 11 South. Rep. 611.

II. We think the evidence was wholly insufficient to support the verdict, and, for that reason, that the court below erred in denying the motion for a new trial. The only issue was upon a plea of payment,

and the burden of proof was upon the defendant to sustain his plea by a preponderance of the evidence. Clark vs. Murphy, 164 Mass. 490, 41 N. E. Rep. 674; Snodgrass vs. Caldwell, 90 Ala. 319, 7 South. Rep. 834. The defendant claimed to have made the payment, not to the plaintiff, but by giving to one S. M. Miller a check for the amount of plaintiff's account drawn January 3, 1893, on defendant's bank in Jacksonville, and payable to "Lakeside Press." Defendant in error regards this transaction as a payment of plaintiff's claim upon two theories: (a) that the proceeds of this check actually reached plaintiff's hands; and (b) that Miller was plaintiff's agent, authorized to receive payment of plaintiff's claim.

A. The check was given to Miller in Jacksonville on January 3, 1893, was certified the same day by the drawee bank, and on January 6, 1893, it was paid through the Jacksonville Clearing Association, containing the following endorsements: "For deposit, credit Charleston Branch Lakeside Press, S. M. Miller." "For collection, acct. 1st. Nat. Bank of Charleston, S. C., John C. Simons, Cashier." There was no evidence to show that this check had ever passed through plaintiff's hands, or that it had been placed to its credit, other than the endorsement given above; and plaintiff's manager testified that it had not. It is quite evident, therefore, that unless the plaintiff had an office, or a "Charleston Branch" of its business, at Charleston, to whose credit the check was placed, the first contention can not be sustained. The defendant testified that in September or October, 1892, Miller, the plaintiff's traveling solicitor, told him plaintiff was going to establish a branch office in the south, of which he, Miller, was to have charge. On January 10, 1893,

JUNE TERM, 1897.          527

Lakeside Press Photo-Engraving Co. v. Campbell.—Opinion of Court.

a week after defendant gave Miller the check, plaintiff through its manager, wrote a letter to the Richmond and Danville Railroad Company, in which it was stated that "Mr. Miller is executing your order at our Charleston office, and has probably communicated with you before this time." This was all the evidence tending to show that plaintiff ever had an office or branch located at Charleston. Plaintiff's treasurer and manager testified that no branch or office was ever established by it at Charleston; that it never had an office there, and that the statement in the letter to the Richmond and Danville Railroad Company, before referred to, was inadvertently made, Miller having informed plaintiff that he would have certain work ordered by the Richmond and Danville Railroad Company, but declined by plaintiff, done by other parties at Charleston. Without question, the declaration of Miller made in September or October, that plaintiff was going to establish a branch office in the south, was insufficient to prove that plaintiff had established such a branch in Charleston on January 3d, 1893. The admission in the letter to the Richmond and Danville Railroad Company did not necessarily extend back to the date of the check or its payment, neither did the admission extend to a branch house, but merely our "Charleston office." Even conceding that the evidence was sufficient to establish that plaintiff had an office at Charleston, there is no evidence that this office had a bank account there or elsewhere, or that the check passed through, or was deposited by, the plaintiff's Charleston office, or that the Charleston office ever knew that the check was deposited by any one to its credit. We think the evidence entirely insufficient

528 SUPREME COURT.

Lakeside Press Photo-Engraving Co. v. Campbell.—Opinion of Court.

to show that the check was ever deposited to the credit of any branch office of the plaintiff.

B. (1) On September 12, 1892, defendant gave S. M. Miller a written order addressed to plaintiff for 20,-000 circulars to be shipped by boat to Jacksonville, specifying therein that the purchase price should be paid December 20, 1892. The work was completed and sent to defendant about November 19, 1892. About the middle of December, 1892, defendant received a statement from plaintiff, with notice that "Agents are not authorized to make collections." On January 3, 1893, Miller called upon defendant and requested payment of the bill, and defendant gave him the check before mentioned. Miller was employed by plaintiff "as traveling salesman and soliciting orders and work of all kinds and description done by them in their business as carried on in Portland, Maine," under a written contract specifying that "all orders or contracts for work sent by Miller were to be subject to acceptance by plaintiff." No other authority was at any time given to Miller; nor was he ever authorized to make collections on behalf of plaintiff; nor did the evidence show that he ever attempted to make collections on claims due plaintiff prior to January 3, 1893. Miller was discharged in January, 1893, and never accounted to plaintiff for the money collected from defendant. There was no evidence that plaintiff had ever in any manner held out to its patrons or the public that Miller was authorized to make collections, other than by the use of the expression quoted in its letter to the Richmond and Danville Railroad Company. There was nothing in that expression to justify an inference of this character. There was nothing in the letter referring to collections. There was

no admission in the letter that Miller was manager of the Charleston office. He did not even endorse the check as manager of the "Charleston branch." It was not shown that plaintiff ever knew that Miller had represented to the defendant that plaintiff contemplated establishing a branch office at Charleston. The letter to the Richmond and Danville Railroad Company was written a week after the payment to Miller, and the defendant could not have been influenced by it in making the payment. Under these circumstances, with actual notice to defendant that "agents are not authorized to make collections," the payment to Miller can not be sustained upon the theory that he was held out by plaintiff as possessing authority to make collections. Law vs. Stokes, 32 N. J. L. 249, S. C. 90 Am. Dec. 655; McKindly vs. Dunham, 55 Wis. 515, 13 N. W. Rep. 485, S. C. 42 Am. Rep. 740.

(2) There was no evidence showing that Miller had express authority to make collections for plaintiff, or to receive checks payable to its order. On the contrary, plaintiff's manager and treasurer both testified that he had no such power. The extent of his authority was "as traveling salesman and soliciting work and orders of all kinds and description" done by plaintiff in its business as carried on at Portland, Maine, all orders to be subject to plaintiff's acceptance. Miller did not sell and deliver the circulars to defendant. He simply took an order signed by defendant, addressed to plaintiff, for work to be executed by it, and delivered by a carrier in the future. The order was addressed to the plaintiff, not to Miller, and it contained no provision authorizing payment to be made to Miller; neither did Miller deliver the goods ordered. Under these circumstances it is well settled that Miller had

no implied authority to collect the amount due for the work. Mechem on Agency, secs. 339, 340; Greenhood vs. Keator, 9 Ill. App. 183; Clark vs. Murphy, 164 Mass. 490, 41 N. E. Rep. 674; Simon vs. Johnson, 101 Ala. 368, 13 South. Rep. 491; McKindly vs. Dunham, 55 Wis. 515, 13 N. W. Rep. 485, S. C. 42 Am. Rep. 470; Law vs. Stokes, 32 N. J. L. 249, S. C. 90 Am. Dec. 655.

(3) Defendant testified that when Miller requested payment of plaintiff's account on January 3, 1893, he represented to the defendant that he was authorized to collect the bill, and showed defendant some letters which satisfied defendant that he did possess such authority, otherwise defendant would not have paid the bill, though he took the precaution of making the check payable to the "Lakeside Press" instead of Miller. This testimony was not objected to, but it is a familiar rule of law that an agent's declarations are insufficient to establish the extent of his authority (Mechem on Agency, sec. 100) in the absence of evidence that such declarations were known to and acquiesced in, or ratified by, the principal. In this case Miller's authority was in writing, which we have seen gave him no express or implied power to make collections, and his declaration that he did have authority to collect can not, from the inherent weakness of such a declaration, be permitted to outweigh the evidence of the written instrument, supplemented by the positive testimony of plaintiff's manager and treasurer, and direct notice from plaintiff to defendant that agents did not have authority to collect. The letters exhibited by Miller to defendant upon which defendant became satisfied of Miller's authority were not offered in evidence, nor were their contents proven.

Neither was it shown that plaintiff wrote, or had ever seen or heard of, these letters. The effect of this testimony was simply that defendant paid Miller the money, under a *bona fide* belief that Miller had authority to collect. But the law requires that the payment, to be effective, must be made to an agent having authority to collect, or who has been held out to the debtor or public by his principal as having such authority.

The judgment is reversed, and a new trial granted.