Downes v. Rogers.

---

No. 21,437.

P. J. DOWNES and J. A. KEATING, Partners, etc., *Appellants*, v. W. A. ROGERS, *Appellee*.

### SYLLABUS BY THE COURT.

SALE—*Farm Tractor—Agency of Salesman Established.* Record examined, and the evidence held sufficient to prove that the vendor of a farm tractor was the plaintiffs' agent; that the agent received from the purchaser the price of the machine; and plaintiffs' action against defendant to collect payment a second time was properly defeated.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed April 6, 1918. Affirmed.

*C. M. Williams*, and *D. C. Martindell*, both of Hutchinson, for the appellants.

*Aaron Coleman*, of Hutchinson, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiffs brought this lawsuit to compel the defendant, a Reno county farmer, to pay a second time for a farm tractor purchased by defendant from the plaintiffs' sales agent at Hutchinson.

Plaintiffs contended below and still contend that the sales agent had no authority to sell the tractor or to accept payment therefor; that the sales agent was only a bailee of the tractor, and that he could only part with it after procuring the consent of a Hutchinson bank; and that such consent would only be forthcoming upon the payment of the wholesale price to the plaintiffs' account in the bank.

Whatever may have been the private or confidential business relations between the plaintiffs and the sales agent, the defendant showed by competent evidence, amply sufficient to sustain the verdict and judgment, that the plaintiffs had established the sales agent in Hutchinson to sell tractors, and that they had held him out to defendant and to the general public in that community as their agent. Defendant was not apprised of any restriction placed by plaintiffs on the agent's authority. It would utterly destroy the foundations of all business confidence between dealers and customers to countenance a claim like the one set up in this case.

A quibble is raised that the agent did not sell the tractor to defendant, but traded it to him for some mules. The defendant told the plaintiffs' agent that if he, the defendant, could sell some mules he would buy the tractor. The agent brought a mule buyer who purchased $450 worth of mules from the defendant. The check for the mules and the defendant's check for the balance of the price of the tractor were then delivered to and cashed by plaintiffs' agent and the defendant received the tractor pursuant thereto.

By rights this case should be disposed of in a *per curiam* opinion, for no shadow of error appears in the record, nor is anything presented which is worthy of comment.

Affirmed.