ELIZABETH T. NOON *vs.* ICHABOD BUNKER & others.

Suffolk.　January 17, 1921. — March 3, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Agency,* Ratification. *Estoppel.*

In a suit in equity by a woman to set aside a deed and conveyance of real estate made in the plaintiff's name by one who purported to act as her attorney under a general power of attorney but who, the plaintiff alleged, acted beyond the authority given, it appeared that, after the conveyance, the attorney immediately wrote the plaintiff a full statement of the entire transaction, enclosing a check covering a balance shown to be due to her by the statement; that on the second day after the deed was delivered and after she received the letter and check from the attorney, she went to the registry of deeds and fully examined all the deeds and instruments in connection with the transaction and learned its details; that within nine days of the transaction, with full knowledge of what had taken place, she deposited the check in her personal bank account and drew upon it until a merely nominal sum, compared to the amount of the check, remained in the account. A judge who heard the case found that, if "the conveyance was not authorized by the power of attorney, as the plaintiff contends, then it seems to me upon the evidence reported that the substituted performance of the original agreement of sale was ratified by the plaintiff." *Held,* that the finding was warranted and that the bill should be dismissed.

BILL IN EQUITY, filed in the Superior Court on July 22, 1916, against Ichabod Bunker, Anna F. Hodgdon and Andrew H. Hodgdon, alleging that a conveyance of property of the plaintiff

to the defendant Bunker by a deed signed, acknowledged and delivered in her name by Herbert E. Dennison purporting to act as her attorney under a general power, was executed, acknowledged and delivered without authority, and that Bunker had mortgaged the property to the defendant Anna F. Hodgdon and had conveyed the property to the defendant Andrew H. Hodgdon, both of whom received their respective conveyances with notice of the facts. The prayers of the bill were for a cancellation of the deed from the plaintiff to Bunker after an accounting as to "the amounts, if any, which the plaintiff ought to pay to the defendants or any of them" and the payment by her of such amounts.

In the Superior Court, the suit was referred to a master, who filed a report and, upon successive recommittals, two supplementary reports containing reports of the evidence upon specified matters. Material portions of these reports are described in the opinion.

The suit then was heard by *Chase,* J., who filed a memorandum as follows: "If the conveyance was not authorized by the power of attorney, as the plaintiff contends, then it seems to me upon the evidence reported that the substituted performance of the original agreement of sale was ratified by the plaintiff. Save in the respects in which exceptions to the master's report have been sustained, it should be confirmed by interlocutory decree. By final decree, the bill should be dismissed with costs."

An interlocutory decree was entered confirming the master's report according to the memorandum and the suit then was reserved for determination by this court.

*F. L. Norton,* for the plaintiff.

*C. A. McDonough,* for the defendant Bunker. *H. D. McLellan,* (*W. C. Hodgdon* with him,) for the defendants Hodgdon.

BRALEY, J. It is contended by the plaintiff that on its face and on the facts of which the defendants had notice, or circumstances sufficient to put them upon inquiry, the power of attorney given by her to her counsel did not empower him to convey the premises in question to the defendant Bunker upon the terms and conditions and form of deed shown by the record. We do not however find it necessary to decide this question, or to pass upon her appeal from the interlocutory decree sustaining certain exceptions of

the defendants to the master's report because of the erroneous admission of evidence to contradict the terms of the instrument. The appeal not having been argued is to be treated as waived. While the master did not decide the question, he reported the evidence on which the judge could find, that on the second day after the alleged invalid deed was delivered the plaintiff upon being informed by the attorney of what had been done, went to the registry and fully examined the deed and other instruments in connection with the transfer of title which had all been left for record, and also ascertained that her land had been conveyed subject to a first mortgage, instead of being wholly discharged as she had intended, by a partial application of the purchase price. But the discharge had been so worded as to exempt the homestead lot and buildings reserved for herself although she would remain liable upon the mortgage note — a liability however so remote on the record as to be negligible. It also appears that other incumbrances by way of mortgage, attachments, and tax liens, had been taken care of by the transaction of sale, a full statement of which showing in detail the amounts paid, the incumbrances released, and a check to her order for the balance she had received before going to the registry. It was with full knowledge of what had taken place and without any deception or misrepresentation practised upon her, that within nine days after visiting the registry she deposited the check in her personal bank account with a trust company, and for many weeks drew checks upon this account for her personal use until the balance left was only a nominal sum compared with the amount received from the defendant. The conclusion of the judge upon these affirmative acts as shown by his order for a decree that "If the conveyance was not authorized by the power of attorney, as the plaintiff contends, then it seems to me upon the evidence reported that the substituted performance of the original agreement of sale was ratified by the plaintiff," is not shown to have been plainly wrong. It follows that whether placed upon the ground of ratification or estoppel the bill must be dismissed. *Brigham* v. *Peters,* 1 Gray, 139. *Harrod* v. *McDaniels,* 126 Mass. 413, 415. *Beacon Trust Co.* v. *Souther,* 183 Mass. 413, 416.

*Ordered accordingly.*