BOICE-PERRINE COMPANY *vs.* GEORGE H. KELLEY.

Middlesex.      October 17, 1922. — January 2, 1923.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Payment. Agency,* Scope of authority, Ratification of acts of agent. *Evidence,* Presumptions and burden of proof.

At the trial of an action of contract brought by a corporation for the purchase price of automobile tires, it appeared that a salesman of the plaintiff procured an order for the tires from the defendant and that the plaintiff shipped the tires to the defendant; that, later, the salesman requested payment from the defendant and that the defendant made payment to him of an amount less than the face of the bill and the salesman receipted the bill. The plaintiff's treasurer testified that the salesman had no authority to receive payment. There was evidence on behalf of the defendant, which was controverted, that, after the payment to the salesman, the plaintiff's bookkeeper sent a bill to the defendant and, his attention being called to the fact of the payment to the salesman, he stated that the sending of the statement was a mistake; that the plaintiff's treasurer afterwards, when shown the receipt signed by the salesman, "said something to the effect that" the salesman "had got him in bad a number of times," and that the plaintiff did nothing further in the matter for several months, when an attorney representing the plaintiff stated that the salesman was not authorized to receive payments. The judge ordered a verdict for the plaintiff. *Held,* that

(1) The burden was on the defendant to show that the payment to the salesman was to an agent of the plaintiff authorized to receive payment;

(2) There was no direct evidence that the salesman was authorized to receive payment for the plaintiff;

(3) Disbelief of the testimony of the plaintiff's treasurer that the salesman had no authority to receive payment was not the equivalent of proof that he had such authority;

(4) The general rule, that an agent who solicits orders and transmits them to his principal to be filled has no implied authority to collect or to receive payment for the goods so sold, applied, and a finding was not warranted that the salesman had authority to receive payment on behalf of the plaintiff;

(5) It was the duty of the plaintiff, upon ascertaining the facts, at once to disaffirm the acts of the salesman done in excess of his authority, and the plaintiff's delay in doing so, in connection with the other facts in evidence, furnished evidence from which a ratification by the plaintiff of the unauthorized act of its agent might have been inferred;

(6) The question of ratification should have been submitted to the jury under appropriate instructions.

CONTRACT upon an account annexed for $62.46, the price of two automobile tires. Writ in the Third District Court of Eastern Middlesex dated October 9, 1918.

On appeal to the Superior Court, the action was tried before *Hammond*, J. Material evidence is described in the opinion. At the close of the evidence, the jury by order of the judge found for the plaintiff in the sum of $71.21; and the defendant alleged exceptions. His bill of exceptions afterwards having been dismissed on motion of the plaintiff because of insufficient notice, the judge reported the case for determination by this court. If the order directing the verdict was right, judgment was to be entered thereon; otherwise, such order was to be entered " as shall accord with the determination of the full court."

*J. F. Ryan*, for the defendant.

*C. E. Lawrence*, for the plaintiff.

RUGG, C. J. This is an action of contract to recover the price of two automobile tires sold by the plaintiff to the defendant. There is no question that a sale took place. The controversy concerns the authority of one Dogherty, a special agent of the plaintiff, to collect payment. The testimony of the treasurer of the plaintiff tended to show that in December, 1917, it received an order from Dogherty for two tires for $62.46 net by invoice in due form, that the tires were shipped by the plaintiff's truck in ordinary course to the defendant and were receipted for by the defendant's agent and bill was sent to the defendant; that later the witness had conference over the telephone with some one who answered his call for the defendant's telephone and was told that payment had

been made to Dogherty, and that thereafter he called at the defendant's place of business to see the receipt signed by Dogherty, but that it was not shown to him; that Dogherty was a salesman for the plaintiff authorized to receive orders only and not authorized to deliver goods or to receive payments. There was other testimony from the defendant and witnesses called by him to the effect that two tires were bought from Dogherty in December, 1917, who had the tires with him and delivered them to the defendant at the time of the purchase; that later two other tires were delivered at the defendant's place of business in his absence and receipted for and subsequently returned to the plaintiff; that in January, 1918, Dogherty at defendant's place of business requested payment, which was made to him, although the receipt showed $55 paid for the $62.46 account; that about February 1, 1918, a statement for the amount due was received by the defendant from the plaintiff; that thereupon the bookkeeper of the defendant by telephone told the man in charge of the plaintiff's accounts that the bill had been paid to Dogherty and that the plaintiff's accountant replied that the sending of the statement was a mistake, that he was sorry and that no further statements would be received from the plaintiff; that shortly thereafter the plaintiff's treasurer called on the telephone and the situation was explained to him and later he came to the defendant's place of business and was shown the bill receipted by Dogherty, and "said something to the effect that Dogherty had got him in bad a number of times;" that nothing further was heard for several months when an attorney claiming to represent the plaintiff said by telephone that the salesman Dogherty was not authorized to receive payments. All this evidence was introduced without exception.

There appears to be no question but that the tires were bought of the plaintiff. That is shown by the receipt upon which the defendant in part relies. Therefore the burden of proof was upon the defendant to show that he had made payment to an agent of the plaintiff authorized to receive payment. *Whitaker* v. *Ballard,* 178 Mass. 584, 589.

There is no direct evidence to show that Dogherty was authorized to receive payment. The uncontradicted testimony of the plaintiff's treasurer was that Dogherty had no authority to deliver goods or to receive payment. If this was disbelieved, there was no

proof of Dogherty's authority to have possession of goods of the plaintiff for the purpose of delivery or to collect payment for a sale. Disbelief of testimony is not the equivalent of proof of facts contrary to that testimony. *Hyslop* v. *Boston & Maine Railroad,* 208 Mass. 362, 367. *Cruzan* v. *New York Central & Hudson River Railroad,* 227 Mass. 594, 597. *Martell* v. *Dorey,* 235 Mass. 35, 41.

Taking the aspect of the testimony most favorable to the defendant, it showed agency on the part of Dogherty to take orders and transmit them to the plaintiff without evidence of further authority, possession of two tires by the agent, sale and delivery of those tires to the defendant on credit by the agent and a subsequent collection of less than the full price by the agent without proof of knowledge by the principal of delivery or collection until after the events.

It is the general rule that an agent who solicits orders and transmits them to his principal to be filled has no implied authority to collect or to receive payment for the goods so sold. The purchaser will not be discharged by payment to him without proof of further authority in the agent than the making of the sales. *Clark* v. *Murphy,* 164 Mass. 490. *Kaye* v. *Brett,* 5 Exch. 269. When the agent is entrusted with the custody of goods which he delivers himself to the purchaser there is implied authority to collect and receive payment therefor. *Cairns* v. *Page,* 165 Mass. 552. *International Sponge Importers, Ltd.* v. *Andrew Watt & Sons,* [1911] A. C. 279. *Petersen* v. *Pacific American Fisheries,* 108 Wash. 63. *Downes* v. *Rogers,* 102 Kans. 797. *Brown* v. *Aitken,* 90 Vt. 569, 574. See G. L. c. 104.

The case at bar falls within the general rule. The evidence did not warrant a finding of authority on the part of Dogherty to collect payment for the tires. Story on Agency, § 102. *Hosher-Platt Co.* v. *Miller,* 238 Mass. 518, 523. *Seiple* v. *Irwin,* 30 Penn. St. 513. *Law* v. *Stokes,* 3 Vroom, 249. *Thomas Kane & Co.* v. *Barstow,* 42 Kans. 465. *Hirshfield* v. *Waldron,* 54 Mich. 649.

There was evidence from which ratification by the plaintiff of the unauthorized act of its agent might have been inferred. Although it is somewhat slender, the case should have been submitted to the jury upon this point. It is the instant duty of a principal, upon ascertaining the facts, at once to disaffirm an act done in his name by an agent in execution of a power conferred but in a

mode not sanctioned by the terms of the agency or in excess or misuse of the authority given. Prompt disavowal of such act is imperative because the inference of authority flows readily from the trust reposed by a principal in his agent. Harm to the victim of such unauthorized conduct of an agent may be repaired or mitigated by immediate knowledge of the denial of responsibility by the principal. *Foster* v. *Rockwell,* 104 Mass. 167, 172. *Harrod* v. *McDaniels,* 126 Mass. 413, 415. *Metcalf* v. *Williams,* 144 Mass. 452. *Albiani* v. *Evening Traveler Co.* 220 Mass. 20, 25. *Auringer* v. *Cochrane,* 225 Mass. 273, 275.

The question of ratification should have been submitted to the jury under appropriate instructions.

*New trial ordered.*