FIRST NATIONAL BANK OF LAKE CITY v. G. H. LANDRESS.

150 So. 589.
Division A.
Opinion Filed October 17, 1933.

*Wilson & Wilson,* for Plaintiff in Error;

*Guy Gillen* and *J. E. Gillen,* for Defendants in Error.

DAVIS, C. J.—This was a replevin case in which the issue submitted to the jury was, whether or not certain payments shown to have been made on the automobile replevined by the buyer to the original seller, after assignment of the original seller's retain title contract on the car to the plaintiff bank, were binding on the bank, on the theory that they had been made to an agent of the conditional sales contract holder who had expressed or implied authority to collect the balance of the purchase price of the car as represented by the retain title notes in the bank's hands as assignee for value before maturity.

The verdict and judgment below were in favor of the defendant. Plaintiff bank contends on writ of error that the verdict and judgment for defendant was unauthorized by the evidence, citing as authority for its position the holding of the Court in Lakeside Press & Photo Engraving Co. v. Campbell, 39 Fla. 523, 22 Sou. Rep. 878.

In the case relied on, this Court held that payment to an agent, to be binding on the principal, must be made to an agent having expressed or implied authority to collect, and that payment to any other agent, even under the *bona fide* belief that such other agent has authority to collect, will not bind the principal in the absence of a ratification by the principal of such payment.

We approve the rule stated and find that the trial court followed it in his instructions to the jury. There was evidence from which the jury could have found either way on the issue. It found against the bank. We are unable to perceive wherein we would be warranted in reversing the

judgment in this case which is the result of a jury trial and decision on the facts approved by the trial court.

. Affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.