Giles English v. The State of Florida.—Syllabus.

GILES ENGLISH, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

UPON PETITION FOR REHEARING—REHEARING DENIED.

1. A rehearing will not be granted where the questions that the petition alleges to have been omitted from the consideration of the court were necessarily involved in and determined by the decision, though not in express terms.

2. The legal presumption is, that the official acts of grand juries in finding and presenting indictments are lawfully and regularly done ; and that unless twelve of their number concur in finding an indictment, properly endorsed and regularly presented, it would never have been returned or presented as such.

3. The general charge of the court to a grand jury forms no part of the record proper in the trial of any one indicted by such grand jury, but is matter *in pais*, and cannot be made a part of the record entitling it to consideration on writ of error, unless it can be made so by bill of exceptions ; and this can only be done by the judge below so long as he is at liberty to settle and sign such bill. After the expiration of the time limited by him for settling such bill he cannot add new matter thereto by amendment or otherwise.

*Robbins & Graham* for Petitioner.

TAYLOR, J. :

A petition for the rehearing of this cause has been filed. The grounds thereof being as follows: 1st. The omission of the court to consider the fact that if the indictment filed is presumed to have been concurred in by the entire body of the grand jury, *i. e.*, by twelve of them, then the vote of each grand juror is known. 2d. That in citing Low's case, 4 Greenleaf (Me.), in support of the proposition that the finding of the bill is presumptive evidence that the indictment was concurred in by the *entire* body of the grand jury (in this case 12), the court has omitted to observe that said Low's case does not lay down that proposition, but only that the finding is evidence that the statutory number concurred. 3d. That in reviewing the said Low case in connection with the form of our plea in abatement, the court has overlooked the fact that members of the grand jury were allowed to testify as to the number concurring in the finding, under Article I of Section 7 of the Constitution of Maine; and that our statute forbids a grand juror to testify as to how he or any other member voted (Rev. Stat., sec. 2813). 4th. That the court overlooked the fact that the reduction of the grand jury from sixteen to twelve deprived the accused of the influence of the four not required to indict, upon the other twelve. 5th. The omission of the court to consider that the legislative purpose

would not have found expression in the present stat-- ute had it been known that its effect would be to reveal to each accused person the vote of each member of the grand jury upon his case.

As to the first ground of the application, it is only necessary to say, that from the observations we shall make upon the second ground below, it will become apparent that the court in rendering its opinion fully appreciated the fact that one of the practical results of the legislation limiting the number of grand juries to twelve would be to disclose how each and every member of such jury voted upon all indictments properly found and presented by them. But we are still unable to discover how this result can possibly affect the constitutional validity of that part of the act limiting the number to twelve, since we know of no constitutional right either in parties accused of crime or in those who may become members of grand juries, to have the votes of the latter upon indictments kept secret.

The second ground evinces a misconception of the true purport of the opinion rendered, resulting from laying critical stress upon detached language therein, instead of considering the whole context of the decision. The detached language seized upon as the basis for this ground of the application for rehearing is the following expression in the opinion: "The legal presumption is, that an indictment properly endorsed and

regularly returned into court was concurred in by the
entire body." Prior to this language in the opinion,
the provisions of our Revised Statutes cutting down
the number of grand juries to twelve, and limiting the
maximum of its numbers to twelve, had been fully
pointed out and discussed. And the language quoted,
when considered with its context, will readily be seen
not to be an assertion of the broad proposition that
when an indictment properly endorsed is regularly re-
turned into court the presumption is that the entire
body of the grand jury concurred in finding the same,
regardless of the number of men composing such
jury. But the idea sought to be conveyed, and which is
apparent from the decision, was, that the presumption
is that an indictment properly endorsed and regularly
returned into court was concurred in by such a num-
ber of those composing the grand jury as were required
by law to vote in favor thereof in order to make it a
legal indictment—that under the law a less number
than twelve could not find or present a legal indict-
ment; and, that inasmuch as our statute had limited
the maximum number of the jury to twelve, the pre-
sumption from *their* regularly returned and properly
endorsed indictment was that it had been concurred in,
by the *entire body.* When, under the law, grand
juries were composed of from sixteen to twenty-three
men, when such a jury regularly returned an indict-
ment into court properly endorsed as being "a true
bill," the presumption was that *at least twelve* of their
number concurred in and favored the finding thereof.

Why? Because a less number than twelve could not lawfully find a bill, and the presumption runs in favor of such bodies that what they do is lawfully and regularly done; and that if a less number than twelve had concurred in any presentment, then that such presentment would not have been made. Since our grand juries have been cut down and limited to twelve, the same presumption runs in favor of the legality and regularity of their official acts—and as less than their whole number, as now constituted, can not legally find a bill, the presumption is, when they do find and present one, that *their whole number concurred therein*, and, that otherwise, it would never have been presented or returned as an indictment. The Low case from 4 Greenleaf (Maine), referred to in the opinion, did not involve a statute limiting the total number of grand jurors to twelve, as does ours, but was cited in support of the announced presumptions that prevail in favor of the legality and regularity of the official acts of grand juries. The case of State vs. Baker, 20 Mo., 339, goes further and carries the presumption in favor of the legality of the findings of grand juries to such length as virtually to hold that they are infallible, and can not even be averred against.

The third ground undertakes to infuse into the case a consideration of the question as to whether under our law a grand juror would be permitted to testify in support of a proceeding questioning the legality of the finding and return of an indictment, as to whether a legal number of jurors concurred in the finding of such bill. This issue was not made in the court below, as

no allegation was made in the plea of the defendant assailing the indictment that a less number than twelve concurred in its finding, and no effort was made to have any grand juror testify as to any such issue. For us now to say anything upon this question would be *obiter dictum*, and we shall, therefore, defer even an intimation of our views upon the subject until a case is presented in which the question is properly involved. But whether a grand juror can or can not be allowed to testify in impeachment of the legality of the finding of an indictment, does not under our view affect the constitutionality of that feature of our legislation limiting the number of grand jurors to twelve. The presumption that twelve concurred in finding a bill actually returned is no greater where sixteen compose the jury than when its number comprises twelve only; still the same necessity might arise where the body comprised sixteen for alleging and showing that the constitutional number—twelve thereof—did not concur in finding a bill actually presented; and, if it be true that no member of such jury can be allowed to show such want of the concurrence of the constitutional twelve, we can not see, in such case, where the accused would be in any better plight from such deprivation of proofs, than he would be under the same circumstances, where the indicting jury consisted of twelve only.

As to the fourth ground, we know of no constitutional or other guaranty to the person subject to accusation for crime that he shall have the benefit of the influence of any one either inside or outside the body

of the grand jury, in the investigation of any crime committed. On the contrary, a part of the time-honored oath that each grand juror takes enjoins upon him to "leave no man unpresented for love, fear, favor, affection, reward or the hope thereof."

As to the fifth and last ground we will say that the constitutionality of the legislation under discussion has been carefully considered at the present term, not only in this case, but also in the case of Donald vs. State, and in the latter case we have said that, "Providing that a concurrence of a certain number of the whole might do what the concurrence of the whole could, is not of itself evidence that the whole or entity would not have been constituted as it was without the provision as to a concurrence of less than all." In other words, because the Legislature unadvisedly provided that the votes of eight grand jurors should be sufficient to find a bill, out of a total of twelve, furnishes no evidence that the provision would not have been adopted, limiting the total number to twelve, had they been advised that under the Constitution a less number than twelve could not find such bill. It is undoubtedly true that the practical effect of this legislation is to reveal the fact that every grand juror composing the panel of twelve must have voted in favor of every indictment properly endorsed and regularly returned, but this result does not furnish any evidence that the legislative will would not still have found expression in the provision limiting the number to twelve, even had they been advised in advance that

the Constitution made the concurrence of the whole number necessary to the legal finding of a bill.

It is obvious from what has been said that the conclusions reached in the opinion necessarily involved a consideration of every suggestion made in the application for rehearing. We should not have devoted so much discussion to the application had the case not involved human life. The application for rehearing is denied.

Accompanying the application for rehearing is a motion for leave to supplement the record here with an amendment of the record of the minutes of the court below, procured to be made since the decision here, by which a part of the general charge of the court to the grand jury was incorporated as part of the minutes of the court below. There was no exception to this charge, and it did not form any part of the record proper or bill of exceptions in the cause, and was not properly a part of the record of the trial of said cause. All such matters are *in pais* and can not be made a part of the record entitling it to consideration here, unless it can be made so by bill of exceptions, and this can only be done by the judge below so long as he is at liberty to settle and sign such bill. After the expiration of the time limited by him for settling such bill he can not add new matter thereto, as is the effort, here, by amendment. Myrick vs. Merritt, 21 Fla., 799. The application for supplementing the record is therefore denied.