THE TOWN OF MADISON, PLAINTIFF IN ERROR, VS.
JOHN H. NEWSOME, DEFENDANT IN ERROR.

1. The authority of the town of Madison to employ a night watchman was derived from section 25 of chapter 1688, acts of 1869 (McClellan's Digest, p. 252, sec. 34), and even if the mayor is thereby given power to contract, as contradistinguished from power to appoint, he can exercise such power only with the consent of the town council.

2. Persons dealing with an agent of a municipal corporation are bound to ascertain the nature and extent of the authority of such agent in all cases where the authority is conferred by statute.

3. A contract made by the mayor, or by the mayor and less than a majority of the council, with a person to serve as night watchman for one year, will not bind the town under section 25, chapter 1688, acts of 1869, unless the making of such contract was known to and ratified or previously authorized by a majority of the town council.

4. The ratification of a contract, to be effective, must be made with a knowledge of all material facts.

Writ of Error to the Circuit Court for Madison county.

STATEMENT.

The defendant in error brought his action of assumpsit against plaintiff in error in the Circuit Court of Madison county, the declaration, filed March 24, 1893, alleging that on the —— day of December, 1891, in consideration that plaintiff at defendant's request would enter into defendant's service as night watchman for the town of Madison and serve defendant in that capacity, the defendant undertook and promised plaintiff that during the continuance of such service for one year from January 1, 1892, to December 31,

1892, it would pay plaintiff for such service certain wages, to-wit: $420, to be divided into twelve monthly payments of $35 each; that plaintiff, confiding in this promise of defendant, did sell his place in the country and move near the town of Madison, and did on January 1, 1892, enter into defendant's service in the capacity of night watchman for a long time, to-wit: three months, then next following, and defendant then suspended plaintiff without cause and continued the suspension without cause and did not pay any wages for the time he was suspended, although plaintiff was willing and ready at all times to carry out his part of the agreement. The declaration also contained the usual common counts.

Defendant filed two pleas April 28, 1893, as follows: 1st. That it did not promise or agree as alleged. 2d. That the alleged promise or agreement was not in writing and signed by defendant or by any other person by it thereunto lawfully authorized, and was not to be performed within the scope of one year from the making thereof.

Plaintiff joined issue on the first plea, and filed a special replication to the second plea, that, "said contract is not required to be in writing, and was not made for a third party, but was a contract made between plaintiff and defendant as set forth in the declaration, and payments were to be made monthly." On October 17, 1893, a trial was had resulting in verdict and judgment for plaintiff in the sum of $200. So much of the testimony as is deemed material is given in the opinion.

The court charged the jury among other things that if a contract was made between plaintiff and defendant or its agents in December, 1891, to employ plain-

tiff as night watchman for 1892, and it was not reduced to writing, that it was void; that if such contract was made, and plaintiff entered upon its performance, and after January 1, 1392, fearing he might not be retained for the balance of the year, went to the mayor of the town with a petition requesting his appointment and inquired if plaintiff could hold over for the balance of the year, and the mayor told him he could if he proved satisfactory, or words to that effect, this would not amount in law to a ratification of the contract made in December, 1891, nor to the making of a new contract, unless such promise or agreement was afterwards ratified by the town council with a knowledge that plaintiff had been employed for the year; that if the jury believed from the evidence that the members of the town council talked to plaintiff about this agreement or promise made by the mayor, and induced plaintiff to believe that the promise would be carried out, *viz:* that plaintiff should hold for the rest of the year as night watchman if he proved satisfactory, this amounted in law to a new contract, or ratification or confirmation of the contract made in December, 1891, and if plaintiff was discharged without just cause, the jury should find for plaintiff if the evidence showed that plaintiff was ready and willing at all times to perform his agreement.

A motion for new trial being refused, the defendant sued out a writ of error to the judgment entered upon the verdict, and here assigns as error the overruling of the motion for new trial. One ground of the motion for new trial was that the verdict was contrary to the law and evidence.

The other facts in the case are stated in the opinion of the court.

*E. J. Vann*, for Plaintiff in Error.

*Angus Paterson* and *H. J. McCall*, for Defendant in Error.

CARTER, J.:

The court below should have granted a new trial. The town of Madison is a municipal corporation, and its authority to employ plaintiff as night watchman is derived from that portion of section 25, chapter 1688, approved February 4, 1869 (McClellan's Digest, p. 252, sec. 34), which reads as follows: "That it shall be the duty of the mayor to see that the ordinances of the city or town council are faithfully executed; and he is hereby authorized, with the consent of the council to organize and appoint such police force as may be deemed necessary to insure peace, good order and observance of law, within the municipal limits, the compensation of said police to be fixed and regulated by the city or town council."

If it be that this statute gives the mayor power to contract with a person to exercise the duties of night watchman, as contradistinguished from a mere power of appointment to such position, it is clear that he can exercise such power only with the consent of the town council. 1 Dillion's Municipal Corporations, sec. 449. Public corporations may by their officers and properly authorized agents, make contracts the same as individuals and other corporations, in matters appertaining to the corporation, but those dealing with an agent of a municipal corporation are bound to ascertain the

nature and extent of the authority of such agent in all cases where the authority is conferred by statute. 1 Dillion's Municipal Corporations, sec. 447. It is obvious, therefore, that the contract for the year 1892, claimed by the plaintiff to have been made with the mayor in December, 1891, was not binding upon the town unless such contract was agreed to or ratified by the council, and this is true even though one member of the council was a party to the contract, because it requires the consent of a *majority* of its members to bind the town council. 1 Dillion's Municipal Corporations, sec. 292. It was not claimed by plaintiff that more than one member of the council ever gave consent to the employment of plaintiff for a year, but it is claimed by him that the contract made with the mayor in 1891, was expressly ratified by the new mayor in 1892, and impliedly by the town council during the same year. The evidence offered on the trial was confined exclusively to this special contract. The defendant's plea denied the making of any such contract, and it devolved upon the plaintiff to establish a valid contract made by the officials designated in the statute as a basis for recovery. 1 Dillion's Municipal Corporations, sec. 449. There was no evidence that the council had any knowledge that plaintiff had been employed for any definite length of time; neither was there any ordinance or resolution prescribing the term of service of night watchman, or authorizing the mayor to fix such term, nor was there any evidence that the mayor had ever contracted with a night watchman for any definite term of service, or that any person had ever been employed in that capacity for any definite period. There was never at any meeting of the town council any action taken in regard to

plaintiff's appointment other than to issue a warrant for his compensation each month. That the council knew the plaintiff was serving as night watchman is not denied, but it was not shown that the council knew he was serving in any other manner than as his predecessors for several years had served, viz: during the pleasure of the town, or from month to month. The mayor denied ratifying the contract in 1892, but even if he did ratify it, it did not become binding upon the town without the assent or ratification of the council. In the absence of any evidence tending to show that the council knew that plaintiff had been employed for a year the jury were not justified in finding a ratification of any contract for that period from the fact that it paid plaintiff the monthly salary incident to the position of night watchman, because the ratification of a contract to be effective must be made with a knowledge of all material facts. 1 Dillon's Municipal Corporations, sec. 463. The town council paid plaintiff for all services performed by him, and this suit was instituted to recover the salary for the months subsequent to plaintiff's discharge. This discharge was brought about by reason of an ordinance of the council passed March 1, 1892, requiring the night watchman to be a resident of the town, and under the circumstances there was nothing to prevent the council from ending plaintiff's employment by the passage of this ordinance. Plaintiff declined to move into the town, and his position was filled by another appointment. Failing to prove a valid contract for any definite period, plaintiff was not entitled to recover in this case, and as the judgment must be reversed upon this ground it is unnecessary to consider whether, if a contract had

been proven, it would have been within the statute of frauds.

The judgment of the Circuit Court is reversed and a new trial granted.