E. E. ROPES, *Plaintiff in Error*, v. B. B. MINSHEW AND W. V. CARTER, *Defendants in Error.*

1. Where, under a statute making a tax deed *prima facie* evidence of the regularity of the proceedings from the valuation of the land by the assessor to the date of the deed inclusive, a tax deed to the premises sued for has been introduced in evidence by the plaintiff, and subsequently the defendant introduces testimony tending to show the tax deed to be void, a motion to strike the tax deed is properly overruled. The proper course for the defendant to pursue is to request the court to instruct the jury upon the legal effect of the evidence which he has introduced.

2. A judgment in ejectment, based on a verdict for the plaintiff, locating the land in a range different from the one stated in the declaration, is erroneous.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Volusia county.

The facts in the case are stated in the opinion of the court.

*E. E. Ropes in pro per.*

No appearance for defendants in error.

HOCKER, J.—The defendants in error sued the plaintiff in error in an action of ejectment to recover lot 3 except southeast 10 acres, sec. 29, township 15, range *twenty-eight,* containing sixty-five acres of land. On the trial the court directed the jury to find a verdict for the plaintiffs below, whereupon they rendered the following verdict: "We, the jury, find for the plaintiffs and that they are entitled to a fee simple estate to lot 3, except S. E. 10 acres, section twenty-nine, township fifteen, south, range *twenty-nine* east." A judgment for the plaintiffs was rendered in the following words and figures: "Therefore it is considered, adjudged and decreed by the court that the fee simple title in and to lot 3, except S. E. 10 acres of section 29, township 15 south, range *twenty-nine* east, be and the same is hereby vested in the plaintiffs B. B. Minshew and W. V. Carter, and that they do have possession of said land and their costs, which are now here taxed at thirty-one and 75-100 dollars and that they do have execution therefor." The plaintiff in error seeks a reversal of this judgment.

On the trial the plaintiffs, for the purpose of showing title to the land sued for, offered in evidence a tax deed executed January 6, 1898, on a sale made in 1893. The defendant objected to the introduction of this tax deed in evidence, among others, for the reason that it was void because, as he offered to prove by a certified copy of the tax-book which he introduced in evidence the land was

assessed to "Valentine Dollar, Assignee," and because a certified copy of the record of the advertisement of the land for sale for taxes 1893, which he also introduced in evidence showed the owner to be "Valentine Dollar Association."

In the case of *Ellis v. Clark,* 39 Fla. 714, text 725, 23 South. Rep. 410, a motion was made to strike out a tax deed, after evidence of its nullity had been given, but this court held that the proper practice was not a motion to strike the tax deed from the evidence, "but that the court should have been requested to charge the jury on the subject"—quoting *Daniel v. Taylor,* 33 Fla. 636, 15 South. Rep. 313. The tax law of 1893, chap. 4115, sec. 61, makes a tax deed "*prima facie* evidence of the regularity of the proceedings from the valuation of the land by the assessor to the date of the deed inclusive." The defendant had a right to overcome this *prima facie* evidence by proof showing the deed to be void. After the introduction of evidence tending to show the deed to be void he should have prepared a charge informing the jury what effect should be given by them to his rebutting testimony, and requested the judge to give it. This he did not do.

Among others it is assigned as error that the court erred in entering a judgment for land in a range different from the one set forth in the declaration. In the declaration the land is described as being in "*range twenty-eight east.*" The verdict is in the following form: "We, the jury, find for the plaintiffs, and that they are entitled to a fee simple estate to lot three, except S. E. 10 acres, sec. 29, township 15 south, range *twenty-nine* east.

In *Hoodless v. Jernigan,* 46 Fla. 213, 35 South. Rep. 656, we did not deem it necessary to pass on the question whether a verdict in the form there stated was radically defective, inasmuch as we thought the error in omitting the section was merely clerical and would not occur again, and that it was at least debatable whether the omission was not cured by the fact that the verdict found the plaintiff entitled

to the *lands in dispute*. In the case at bar there is in the verdict no language of similar import. The verdict and the judgment both describe the land in a different range from the one alleged in the declaration, without any words implying that the jury in their verdict, or the court in its judgment, had reference to the lands in litigation. In the case at bar we have no doubt that the judgment is erroneous. *Hoodless v. Jernigan, supra,* and cases there cited.

There are many other assignments of error, but the bill of exceptions is so defectively prepared we can not consider them. As to the proper manner of presenting to this court in a bill of exceptions the propriety of an affirmative charge, see the case of the *Atlantic Coast Line Railway v. Calhoun,* decided at this term.

For the reason above stated the judgment is reversed at the cost of the defendants in error.

SHACKLEFORD, COCKRELL and CARTER, JJ., concur.

TAYLOR, C. J., absent on account of sickness.

WHITFIELD, J., disqualified, took no part in the decision of this case.