C. J. MARTIN AND R. C. SUTHERLAND, *Appellants,* v. C. W. JOHNSON, *Appellee.*

1. Evidence that a sub-agent had authority from the agent for the sale of land, merely to find a purchaser and report the fact to the agent for confirmation, justified the finding of the chancellor that the sub-agent had no authority without ratification to bind the principal to a sale, there being no elements of estoppel shown.

2. The mere extra judicial statement of one that he is an agent, not made in the presence of the principal is not proof of such agency against the principal.

This case was decided by Division A.

Appeal from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*H. S. Hampton,* for appellants;

No appearance for appellee.

COCKRELL, J.—The appellants, as complainants in the circuit court filed their bill for specific performance of a contract for a sale of land, the contract being alleged to have been made through a duly authorized agent. Upon the final hearing the court found that the agent was without authority to make the sale and dismissed the bill. On appeal from this decree the appellants question only the sufficiency of the evidence to support the finding.

It appears from the record before us that Johnson, the owner, constituted one J. H. Brown as his agent for the sale of certain town lots, and that Brown employed June Youngblood to find purchasers subject to his (Brown's) approval. Youngblood found would-be purchasers for a lot in Martin and Sutherland and gave them a receipt in his own name for ten dollars as part payment on the lot; but the contract was promptly repudiated by Brown upon notification. There is some conflict as to whether the reason given by Brown at the time of the disapproval that the particular lot had been reserved from sale, was the true reason or whether the refusal was based on Brown's alleged desire to squeeze a higher price; but this is wholly immaterial in proving or disproving Youngblood's authority to bind Johnson. There is no serious conflict upon the exact authority held

by Youngblood; he received none direct from the owner, who confided in Brown alone, and the employment of Youngblood by Brown was wholly conditional. It was thoroughly understood at the time of the employment that Brown must necessarily have the final decision and that nothing done by Youngblood could bind the land until ratified by the authorized agent of the owner. It would be an unnecessary hardship to the owner if he should be compelled to save himself to notify not only the agent he has appointed that the land is reserved, but must also notify any and every employee whom that agent may have, unknown to the owner, seen fit to engage.

We find nothing to justify us in overruling the finding of the circuit court from the mere fact that the owner knew that Youngblood was hunting purchasers and making occasional sales; if he had such knowledge he must have had the further knowledge that Youngblood was acting under Brown and was powerless to bind the owner except through the approval of Brown, who had entire charge of the sales; nor is it conclusive that Martin told Johnson that he had bought a lot and that Johnson said it was "alright," it appearing that no particular lot was brought to the owner's attention and that he was not familiar with the numbering of the lots and had never personally made any sales, and exercised authority only to the extent of reserving from sales two lots, one of which is involved in this suit. See Town of Madison v. Newsome, 39 Fla. 149, 22 South. Rep. 270.

The mere extra judicial statement of Youngblood that he had authority to sell the lots not made in the presence of the owner or his recognized agent, was not proof of his agency. Lakeside Press & Photo Engraving Co. v. Campbell, 39 Fla. 523, 22 South. Rep. 878; Grif-

fin v. Societe Anonyme, etc., 53 Fla. 801, 44 South. Rep. 342.

The finding that Youngblood was not the authorized agent of the owner will not be disturbed. The appellee has not favored us with a brief and many interesting questions that might be raised in his behalf are not passed upon.

The decree is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.