R. G. RAMSEY, *et al.*, RAMSEY HERNDON & COMPANY v. CITY OF KISSIMMEE.

149 So. 553.

Opinion Filed July 13, 1933.

388

[redacted]

*Dickinson & Dickinson,* for Plaintiffs in Error;

*G. P. Garrett* and *Lewis O'Bryan,* for Defendant in Error.

DAVIS, C. J.—The City of Kissimmee has a special charter adopted at a charter-board election but ratified, validated and confirmed by an Act of the Legislature. See Chapter 9808, Special Acts 1923, Laws of Florida. This Court will therefore take judicial notice of the City Charter of Kissimmee, which is shown to be on file and recorded in the office of the clerk of the circuit court, although such charter has been merely· referred to, and not re-enacted *in haec verba,* in the statute laws of this State..

· The rule is that an appellant court will take judicial cognizance of any matter of which the Court of original jurisdiction might take notice, where the party relying on the judicial knowledge of the lower court has procured and brought into the appellate court's records the source of the lower court's judicial knowledge. 15 R. C. L. 1063.

The practice of the courts is to take judicial cognizance of the existence of villages, towns and cities. This, we

deem, is sufficient to require the court to judicially notice also, the charters under which such villages, towns and cities may exist, in cases where such charters have been approved by statute, and the judicial knowledge of the court has been aided by the bringing into the judicial record a true copy of such legislatively approved charter taken from an official source.

The foregoing preliminary statement of the law applicable to this case in its general phases, brings us to a consideration of the particular controversy now before this Court, which is being dealt with on a writ of error prosecuted by plaintiff below, from a judgment of non suit with bill of exceptions, taken under the statute. See Section 4617 C. G. L., 2907 R. G. S.

The plaintiffs below, Ramsey-Herndon & Co., civil engineers, sued the City of Kissimmee on a stated special contract for certain engineering services, alleged to have been rendered by them to the city on their partly performed special agreement. The special contract sued on was set forth in the declaration *in haec verba,* and the pleading of it was coupled with appropriate allegations of alleged breaches of it. Defendant pleaded as a defense the general issue of "never promised as alleged." The trial was proceeded with principally on the issue raised by the plea just mentioned.

The trial judge sustained objections to, and refused to admit in evidence, the written contract sued on and specifically described in the declaration. Plaintiffs thereupon took a non suit, with bill of exceptions, to this Court to review the ruling of the circuit court that eliminated from consideration on the trial, the signed contract tendered in evidence after due proof of its having been signed in the form pleaded.

Because the evidence offered on the trial was confined exclusively to the special contract described in the special count of the plaintiff's declaration whereas the defendant's plea denied the making of any such contract as alleged, it consequently devolved upon the plaintiffs to establish as a basis for any recovery under it, a valid contract made by the officials authorized by the charter to make contracts on the city's behalf. Town of Madison v. Newsome, 39 Fla. 149, 22 Sou. Rep. 270.

*Prima facie* the written contract pleaded in the declaration *in haec verba*, would be sufficiently established to be admitted in evidence at the trial as part of plaintiff's proof of the general issue, upon plaintiff's mere production of the identical written contract sued on, as set forth *in haec verba* in the declaration, accompanied by proof that it was in fact actually executed by the Mayor-Commissioner of the City of Kissimmee, in exactly the form the declaration pleaded it as having been executed, without any additional requirement of preliminary proof of the authority, if any, which the mayor had for signing it as he did. This is so, because the rule is well settled in this State, that the *legal sufficiency* of a relevant document of this kind to authorize a recovery, cannot ordinarily be disposed of by a mere objection to receiving it in evidence, or by a simple motion to strike it from the evidence. Daniel v. Taylor, 33. Fla. 636, 15 Sou. Rep. 313; Ellis v. Clark, 39 Fla. 714, 23 Sou. Rep. 410; Ropes v. Minshew, 47 Fla. 212, 36 Sou. Rep. 579.

It is therefore error for the Court to have refused to admit the written contract in evidence. This is so, notwithstanding the sufficiency of the mayor's sigature as authority to legally bind the city may not have been adequately proved at the time, because the declaration pleaded the written instrument *in haec verba* in *exactly* the form in which it was tendered in evidence.

Plaintiffs were by their declaration, only required to prove the *fact* of the mayor's signature to the pleaded contract, in order to have the contract received in evidence, subject to appropriate rulings by the court thereafter as to its legal sufficiency to bind the city, or to constitute a valid cause of action for the plaintiffs.

Objections to evidence, and motions to strike evidence, must be predicated upon some feature of irrelevancy, incompetency, legal inadmissibility, or incompetency *in the evidence itself*. Evidence that in itself is pertinent, relevant, legal and proper, so far as it goes, toward making out the plaintiff's case, but which in the conception of the opposing party, falls short, for the want of proof of other necessary facts; of making out plaintiffs' case, is not subject to exclusion on defendant's objection, neither should a motion by defendant to strike such evidence out, be granted. The proper practice is either to get an instruction from the court to the jury to the effect that no recovery can be had by plaintiffs without proof of the missing facts, or else demur to the evidence, or move for a directed verdict on it, at the proper time. Walker v. Lee, 31 Fla. 360, 40 Sou. Rep. 881, and cases cited.

We might well stop here and reverse the judgment on the foregoing proposition alone. But since the case is before us on a judgment of *non suit,* and both parties have urged upon us that in the interest of avoiding a multiplicity of appeals, as well as of conserving the public resources of the defendant city from undue depletion by prolonged litigation, which can probably be curtailed by now deciding on the present record, some of the important questions which will inevitably arise upon a remand of the cause for further proceedings at another trial, we will now proceed to discuss one other proposition going to the correctness of the view expressed by the trial judge as the basis for his

ruling in rejecting plaintiff's written contract as being insufficient in law, to be considered as ground for any recovery under the facts that had been offered in evidence at the time the contract was ruled out.

The city charter of Kissimmee provides that the City Commission shall make all contracts involving expenditures of more than $300.00, while another provision is to the effect that "the action of the City Commission shall be expressed by ordinance or resolution, and a record of the same shall be kept."

Under the charter, the City of Kissimmee was, by its City Commission alone, authorized to make a contract of the kind sued on in this case. And the plaintiffs, in dealing with the City of Kissimmee, and in accepting a paper signed by the Mayor-Commissioner alone, were bound to ascertain the nature and extent of the authority of the Mayor-Commissioner to sign the contract sued on, in behalf of the City. Town of Madison v. Newsome, *supra*. If in the first instance there was no such authority given to the Mayor-Commissioner to sign, or if the contract originally unauthorized, but nevertheless signed, has never been ratified by the City Commission so as to bind the City, plaintiffs cannot recover, and the jury should be so instructed.

But the evidence in this case, so far as it had gone at the time the non-suit was taken, tended to make out a case for plaintiffs sufficient to present the issuable fact whether or not the execution by the Mayor-Commissioner of the special contract sued on, had ever been authorized by the City Commission, so as to make the Mayor-Commissioner's signature on it sufficient to bind the municipality.

The ruling out of the contract solely because it was not evidenced on the December 2, 1925, minutes of the City Commission by a formal resolution was not authorized. No

special form of resolution by the City Commission on that particular date was required by the charter, although the charter did require the Commission to act by "ordinance" or by "resolution."

The present contention of Ramsey and Herndon is not contradictory of, but entirely consistent with, the October 6, 1925, entry on the minutes of the City Commission, showing a resolve by the City Commission to employ Ramsey and Herndon, as city engineers, contract to be later executed by the proper parties. A distinction is drawn between the right to offer evidence to contradict facts stated on the record, as distinguished from the showing of action taken which was never properly recorded on the record.

The rights of creditors or of third persons, dealing with a municipal corporation, cannot be prejudiced by the neglect of the city council or of the city commission to keep proper minutes to show its own proceedings. What the city council, or what the city commission, in fact did, may be shown by evidence *aliunde* the record kept by them, when the record is completely silent or imperfectly kept. Bigelow v. Perth Amboy, 25 N. J. L. 297 (1 Dutch); San Antonio v. Lewis, 9 Tex. 69; Trustees of St. Mary's Church v. Cagger, 6 Barb (N. Y.) 576; 2 McQuillan's Municipal Corp. (1st Ed.) par. 624-625; Bridgford v. City of Tuscumbia, 16 Fed. 910.

The local charter provision of the City of Kissimmee to the effect that a record shall be kept of the commission's actions, cannot be considered as altering the universal rules of evidence above referred to, which are applicable under the general laws of this State to all the proceedings in the courts, and which general rules of evidence cannot be superseded or altered for particular jurisdictions, solely by local laws. See Section 20, Article, State Const.

394

The proper interpretation of the special charter provision, we think, is to hold that it imposes a duty on the city officials when they act, to make a record of what they do, showing proposals accepted and proposals rejected, which record will at all times thereafter be available on behalf of the city to show just exactly what official acts have been done by its officers, for the information of the city's inhabitants. But as to creditors and third parties, in actions brought by them against the city, the general rules of evidence above cited, must be held applicable. Especially is this rule applicable to cases like the present, where entry of October 6, 1925, afforded a basis for connecting up what the minute entry of that date showed, with other acts and proceedings subsequently had between the parties, which are claimed in this case to have finally resulted in the execution of the signed contract sued on. The sufficiency of such proof is for determination of the jury under appropriate instructions. See Hopkins v. Leon County, 73 Fla. 99, 74 Sou. Rep. 305.

The judgment of non suit is reversed and the cause remanded for a new trial.

Reversed and remanded.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.