PER CURIAM.
Appellant, Aerovías Panama, S. A., a Panama corporation, was defendant to a cross-claim in a law action. Air carrier Engine Service, Inc. claimed amounts due for the repair of aircraft engines owned by Universal Trading Corporation. Universal Trading Corporation, a Panama corporation, filed a cross-claim against Aerovías Panama, alleging that Aerovías Panama was liable for the amounts claimed against Universal Trading. This claim was based *231 upon an alleged lease agreement between Universal Trading Corporation and Aero-vías Panama by which Aerovías leased aircraft from Universal, agreed to pay maintenance charges and to indemnify Universal. At the conclusion of a non-jury trial, the trial judge entered a final judgment holding that Air Carrier Engine Service, Inc. should recover $2,562 from Universal Trading Corporation. In addition, the judgment on the cross-claim ordered that the Universal Trading Corporation recover the same amount of money from Aerovías Panama.
On this appeal, Air Carrier Engine Serv ice, the original plaintiff, and Universal Trading Corporation, the cross-claimant, are appellees. Universal Trading Corporation has filed a brief on this appeal, but the original plaintiff, Air Carrier Engine Service, has not.
Appellant, Aerovías Panama, has presented two points; they are:
Point I
“Aerovías Panama, S. A. did not execute any lease agreements with either Air Carrier Engine Service, Inc. or Universal Trading Corporation, nor did Aero-vías Panama, S. A. have knowledge of or ratify any act of Panama Airways, Inc. in the execution of leases with Air Carrier Engine Service, Inc. and Universal Trading Corporation.
Point II
“The trial court erred in granting the appellee-ACES’ motion for leave to amend pleadings to conform to the proof.”
It is appellant’s position that Panama Airways, Inc., a Delaware corporation now in bankruptcy, actually operated the airline between Panama and the United States, and that all dealings relating to leasing the aircraft from Universal and repairing the engines by Air Carrier Engine Service were conducted by Panama Airways, Inc.
Our review of this record reveals no evidence upon which the trial judge could have found that Aerovías Panama executed, had knowledge of, or ratified the aircraft lease agreement upon which Universal relies. In this connection, we note that Aerovías Panama — not Panama Airways, Inc. — held the certificate of convenience and necessity[1] authorizing air transport service between the Republic of Panama and Miami, Florida. The aircraft was utilized in transporting passengers and cargo and had “Aerovías Panama” painted on its fuselage. This aircraft used the engine that was overhauled by Air Carrier Engine Service. Nevertheless, the evidence in the record leads to only one conclusion; that is, Universal was dealing with Panama Airways, Inc., and Universal made no attempt to ascertain whether or not the president of Panama Airways had been authorized to sign the lease and to act for Aerovías Panama. The president of Universal Trading addressed correspondence to either the president or the treasurer of Panama Airways. The monthly rental on the aircraft ' was paid by Panama Airways. There is no evidence to connect Monteiro, the president of Panama Airways who signed the leases, with Aerovías Panama. Monteiro said he had a power of attorney, but the burden of proving the issue of agency cannot be successfully met by proving extra judicial declarations of the alleged agent not made in the presence of the alleged principal. See Martin & Sutherland v. Johnson, 54 Fla. 487, 44 So. 949 (1907). Panama Airways represented that it was a general agent for Aerovias Panama, but there is no evidence of its authority to act for Aerovias. See Lakeside Press & Photo Engraving Co. v. Campbell, 39 Fla. 523, 22 So. 878 (1897); Martin & Sutherland v. Johnson, supra.
Appellant’s second point urges a procedural error; that is, the court erred in *232 granting Air Carrier’s motion to amend pleadings to conform to the proof. An examination of the record reveals that said order has no effect upon the judgment in case number 65L 2882, which is the judgment appealed; therefore, we have not considered the merits of this contention.
Having reached the conclusion that the trial judge misconceived the legal effect of the evidence, the judgment appealed is reversed with directions to enter judgment for Aerovías Panama on the cross-claim of Universal Trading Corporation.
Reversed.

. 49 U.S.C. § 1372.