**CITY NATIONAL BANK OF DETROIT, Plaintiff-Appellee,**

v.

**BASIC FOOD INDUSTRIES, INC., Defendant-Appellant.**

No. 75–1869
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 1, 1975.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Arnold R. Ginsberg, Mallory H. Horton, Miami, Fla., for defendant-appellant.

Joseph F. Jennings, Miami, Fla., for plaintiff-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

This Florida diversity case concerns the validity of a written guarantee given by appellant Basic Food Industries, Inc. to City National Bank of Detroit. The guarantee was of a loan made by the bank to Grand Packing Company, a now-bankrupt subsidiary of Basic Food.

At trial, appellant Basic Food contended that it was discharged as guarantor because the original terms of the loan were modified without its consent. As an affirmative defense, it sought to establish that the Chairman of its Board of Directors, Allan Applestein, had not been authorized to negotiate and approve the amendment of the terms of the loan between the bank and Grand Packing. The district judge, sitting without a jury, ruled that Applestein had both real and apparent authority to negotiate the new terms on behalf of Basic Foods, and awarded judgment to the bank.

On appeal, appellant contends first that the trial court's finding is unsupported by the evidence, and in support of this contention points out that there is no indication that its Board of Directors specifically authorized Applestein to consent to the modification of the Bank's loan to Grand Packing. No such showing, however, is required under Florida law for a principal to be bound by the acts of its agent and an agent's authority need not be conferred in express terms, but may be implied under justifying circumstances. *American Ladder & Scaffold Co. v. Miami Ventilated Awning Mfg. Co.*, Fla.App., 1964, 161 So.2d 699, 700. It is enough that the principal allows or causes others to believe that an agent possesses actual authority. *Tampa Sand & Material Co. v. Davis*, Fla.App., 1960, 125 So.2d 126, 127; see *Fidelity Casualty Co. v. D. N. Morrison Constr. Co.*, 1934, 116 Fla. 66, 156 So. 385, 387, app. dism., 293 U.S. 534, 55 S.Ct. 348, 79 L.Ed. 642.

There is substantial evidence showing that Applestein acted with both the knowledge and approval of Basic Food. Applestein was Chairman of appellant company throughout the period at issue. Indeed, it is undisputed that, at a time when there was a continuous turnover in high-level personnel at Basic Food, Applestein provided the only continuity of management. He negotiated both the original loan to Grand Packing and the guarantee provided by appellant. These negotiations were specifically authorized by a formal resolution of Basic Food's Board of Directors. Although Applestein's subsequent agreement modifying the loan to Grand Packing was not specifically authorized, it appears that he forwarded to the President of Basic Food copies of his correspondence with City National Bank concerning the proposed modification. Also Applestein was accompanied by attorneys for Basic Food during the negotiations which preceded the amendment to the original terms of the loan.

The facts all but compel the conclusion that appellant both held Applestein out as possessing broad managerial authority and likewise knew of his negotiations with the bank concerning the loan's modifications.[1] Basic Food argues, however, that City National Bank was not justified in relying on Applestein's apparent authority to consent to the amendments because his previous participation in the negotiations resulting in the original loan had been specifically authorized by a formal resolution of Basic Food's Board of Directors. The difficulty with this theory is that these formalities were required as a prerequisite to the loan by City National Bank. Consequently, there is little merit to the contention that, because no formal Board resolution accompanied Applestein's negotiation of the amendment to the loan, the bank was not justified in relying on his apparent authority to represent Basic Food. *See T. G. Bush Grocery Co. v. Conely*, 1911, 61 Fla. 131, 55 So. 867, 869. In any event, the district court's interpretation of the facts cannot be considered clearly erroneous and, therefore, its finding may not be disturbed by this court. *Bogue Elec. Mfg. Co. v. Coconut Grove Bank*, 5 Cir., 1959, 269 F.2d 1, 4.

Appellant's second point on appeal is that the trial court erred in allowing the bank to establish Applestein's authority as an agent of Basic Food by third-party testimony. Florida follows the generally accepted rule that the fact of an agency cannot be established by the hearsay statements of a putative agent. *Aerovias Panama v. Air Carrier Engine Serv., Inc.*, Fla.App.1967, 195 So. 2d 230, 231. However, none of the testimony objected to by appellant constituted a specific assertion by Applestein of his authority as an agent for Basic Food.

Each decision relied on by appellant turned on an alleged agent's out-of-court admission which specifically asserted the fact or scope of his supposed agency. *See, e. g., Perper v. Sonnabend*, 5 Cir., 1955, 221 F.2d 142; *Martin v. Johnson*, 1907, 54 Fla. 487, 44 So. 949; *Lakeside Press & Photo Engraving Co. v. Campbell*, 1897, 39 Fla. 523, 22 So. 878; *Aerovias Panama v. Air Carrier Engine Serv., Inc., supra*. Because there was no such hearsay in this case, the testimony objected to by appellant was properly admitted to prove the circumstances from which Applestein's apparent authority as appellant's agent could be inferred. *See American Ladder & Scaffold Co., supra*.

Affirmed.

---

1. Therefore, the trial court properly excluded testimony offered by appellant which purported to establish that Applestein's activities in negotiating the amendment to the loan did not comport with the by-laws or normal operating procedures of Basic Food. As Judge King pointed out at trial, the material issue was not the authority normally accorded Applestein but his apparent agency in this particular instance. *See T. G. Bush Grocery Co. v. Conely*, 1911, 61 Fla. 131, 135, 55 So. 867, 869; *American Ladder & Scaffold Co. v. Miami Ventilated Awning Mfg. Co.*, Fla.App., 1964, 161 So.2d 699, 700.

* Rule 18, 5 Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.