326 So.2d 68 (1976)
William O. STANDLEY, Individually, et al., Appellants,
v.
J. Edwin WHITE and Hartford Accident and Indemnity Company, Appellees.
No. X-35.
District Court of Appeal of Florida, First District.
February 3, 1976.
*69 Jackson G. Beatty, of Gregory, Towles, Beatty & Hood, and Hal A. Davis, Quincy, for appellants.
E. Harper Field, Edgar Booth, Anne C. Booth, of Hall & Booth, and J. Marshall Conrad, Tallahassee, for appellees.
SMITH, Judge.
Appellants are the surviving husband and children of a woman whose death was caused by the negligence of Joseph Johnson. Johnson drove his truck down the wrong side of a divided highway into a collision with the decedent's automobile. Appellants' action against appellee White asserted that Johnson was White's employee engaged in the course of his employment at the time of the collision. A jury verdict resulted in a judgment for White.
Appellants' principal contention is that the trial court erred in excluding evidence that immediately following the collision Johnson told trooper Raker, inquiring for purposes of preparing a traffic accident report, that he, Johnson, was on his way to work at White's nursery at the time of the collision. The testimony was excluded as a communication privileged by § 316.066(4), F.S. 1973. Appellants complain that it was inequitable to exclude trooper Raker's testimony after admitting the testimony of officer Bowden that Johnson told him that he, Johnson, was going fishing at the time of the wreck. Trooper Bowden conducted the traffic homicide investigation but took no part in the traffic accident investigation. Johnson, who the record shows remembered few pertinent facts and was confused about those, gave these conflicting statements to the two officers on the same day, first to officer Bowden and, ten minutes later, to trooper Raker.
The court called Johnson as a witness during the presentation of appellants' case and permitted both sides to cross-examine him. On direct examination by appellants' counsel, Johnson testified that he was on his way to work at White's nursery at the time of the collision. Counsel for White, on cross-examination, was permitted to lay the predicate for impeaching Johnson by inquiring whether Johnson had told officer Bowden that he was going fishing. When Johnson denied that, officer Bowden was permitted over objection to so testify during White's case. That was proper. State v. Coffey, 212 So.2d 632 (Fla. 1968); State v. Mitchell, 245 So.2d 618 (Fla. 1971).
Notwithstanding the appeal of appellants' argument on the seeming inequity of the result, we hold that the trial court properly admitted the homicide investigator's testimony and excluded that of the traffic accident investigator. Sec. 316.066(4), F.S. 1973. Contrast Wise v. Western Union Tele. Co., 177 So.2d 765 (Fla. App. 1st, 1965). Even if the statute did not unambiguously require the ruling given, the statement attributed to Johnson by trooper Raker could not have been admitted as substantive evidence. Agency may not be proved by a declaration of the putative agent in the absence of the principal. *70 Martin v. Johnson, 54 Fla. 487, 44 So. 949 (1907); Aerovias Panama, S.A. v. Air Carrier Engine Serv., Inc., 195 So.2d 230 (Fla.App.3d, 1967).
Affirmed.
RAWLS, Acting C.J., and MILLS, J., concur.