733 F.2d 833
 BORG-WARNER LEASING, A DIVISION OF BORG-WARNER ACCEPTANCE
CORPORATION, a Delaware Corporation, Plaintiff-Appellee,
v.
DOYLE ELECTRIC COMPANY, INC., a Florida Corporation and P.H.
Doyle, Jr., Defendants-Appellants.
 No. 83-3501.
 United States Court of Appeals,
Eleventh Circuit.
 June 4, 1984.
 
 Richard A. Nielsen, Tampa, Fla., for defendants-appellants.
 David A. Townsend, Tampa, Fla., for plaintiff-appellee.
 Appeal from the United States District Court for the Middle District of Florida.
 Before FAY, VANCE and HATCHETT, Circuit Judges.
 VANCE, Circuit Judge:
 
 
 1
 In this Florida diversity action the Doyle Electric Company and P.H. Doyle, Jr., its president, challenge the district court's grant of summary judgment for Borg-Warner Leasing.[1] We affirm as to Doyle Electric and reverse as to Doyle.
 
 
 2
 In 1978 Doyle contacted the Burroughs Corporation on behalf of his company with an eye to obtaining a Burroughs B-80 computer. Preferring a lease to outright purchase, Doyle arranged to have Burroughs sell the computer to Borg-Warner, which in turn contracted to lease the equipment to Doyle Electric with an option to purchase. The computer was installed but never functioned properly, prompting Doyle Electric to suspend lease payments. Borg-Warner in turn sued the company for breach of contract. Later Borg-Warner added Doyle as a party defendant based on a personal guaranty he had executed. Doyle Electric counterclaimed for rescission and cancellation due to failure of consideration and unconscionability. The court below entered summary judgment for Borg-Warner on both the original claims and the counterclaim. This appeal followed.[2]
 
 
 3
 Appellants raise two issues: (1) whether Doyle as a matter of law is liable on the personal guaranty; (2) whether the facts as a matter of law preclude the existence of failure of consideration and unconscionability.
 
 
 4
 We note initially that Borg-Warner, as the party seeking summary judgment, bore the burden of showing the absence of a genuine issue as to any material fact. For purposes of review we must consider the facts as adduced in the affidavits, admissions, and deposition excerpts submitted in connection with the summary judgment motion in the light most favorable to the opposing party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). With these principles in mind, we turn to the effectiveness of the personal guaranty.
 
 
 5
 Once Doyle selected the computer that seemed best suited to his company's needs, Burroughs agreed to locate someone who could arrange a lease. Soon afterward Doyle heard from Frank T. Myers, a leasing broker. Myers first interviewed Doyle to determine Doyle Electric's requirements. He then broached the matter of a lease with Borg-Warner. Borg-Warner, which was agreeable, prepared a purchase option and a standardized lease agreement imprinted with the Borg-Warner name for signature by Doyle Electric. It also drew up a personal guaranty for Doyle to sign in his individual capacity. Borg-Warner instructed Myers to present the documents to Doyle for signature. Doyle signed the lease on behalf of Doyle Electric on October 17, 1978. Myers' attempts to persuade Doyle to guarantee the lease in his individual capacity, however, met with adamant refusal.
 
 
 6
 The computer was installed two days later, on October 19. On October 24 Myers renewed his efforts to persuade Doyle to sign the guaranty. Doyle finally agreed to do so. In a subsequent affidavit Doyle stated that he signed only because Myers assured him that the guaranty would have solely prospective effect and that it thus would not relate back to the October 17 lease. Myers gave a different account in deposition. According to the broker, he told Doyle that Borg-Warner would not sign the lease unless Doyle gave his personal guaranty. The guaranty itself is silent. Borg-Warner executed the lease shortly after Doyle acceded to Myers' requests.
 
 
 7
 Myers was an independent broker, as Doyle realized by the time he signed the guaranty. As a broker, Myers served as a conduit to a number of competing computer leasing firms. One such firm was Borg-Warner. In the negotiations that culminated in the guaranty Doyle dealt exclusively with Myers and thus had no direct contact with the leasing company. Borg-Warner later paid Myers a finder's fee for his services.
 
 
 8
 Doyle raised fraud in the inducement as one of his defenses to liability on the personal guaranty. On appeal he argues that summary judgment was improper because the facts regarding the effect of the guaranty remain in dispute. To reach this contention, however, we must first conclude that a genuine issue of material fact exists as to whether Myers was Borg-Warner's agent for the purpose of any representations that might have been made.
 
 
 9
 The trial court discerned no evidence that Myers was Borg-Warner's agent with authority to bind that company. Our examination of the Florida law governing agency, which controls this diversity case, compels a different conclusion. Under Florida law, actual authority is not necessarily a precondition of an agency relationship. Under the doctrine of apparent authority, an agency will arise when the principal allows or causes others to believe that an individual has authority to conduct the act in question, inducing their detrimental reliance. Fidelity & Casualty Co. v. D.N. Morrison Construction Co., 116 Fla. 66, 156 So. 385, 387 (1934); City National Bank v. Basic Food Industries, Inc., 520 F.2d 336, 337 (5th Cir.1975). Contrary to Borg-Warner's contentions, apparent agency can arise even in the face of the principal's silence when the principal by its actions creates a reasonable appearance of authority. See, e.g., Stiles v. Gordon Land Co., 44 So.2d 417, 421-22 (Fla.1950).
 
 
 10
 Under Florida case law, a question of agency is reserved to the trier of fact when resolution of the issue depends on the inferences to be drawn from the facts adduced. Amerven, Inc. v. Abbadie, 238 So.2d 321, 322 (3d Fla.App.1970); see also Adickes, 398 U.S. at 158-59, 90 S.Ct. at 1608-09. We conclude that this is such a case. Borg-Warner entrusted Myers with forms bearing the Borg-Warner imprint and instructed him to obtain Doyle's approval. Throughout the contract negotiations Myers was Doyle's sole point of contact with the company. Borg-Warner does not deny that it vested Myers with authority to persuade Doyle to sign the guaranty. Although Borg-Warner never informed Doyle that Myers was its agent, a trier of fact could reasonably conclude Borg-Warner gave that impression by appointing Myers as the bearer of its letterhead documents and as the exclusive negotiator of its demands. See Lumbermens Mutual Casualty Co. v. Savigliano, 422 So.2d 29, 31 (4th Fla.App.1982); Russell v. Eckert, 195 So.2d 617, 621-22 (2d Fla.App.1967). That Doyle knew Myers was an independent broker does not alter the outcome. A broker can become an agent when the principal creates the reasonable appearance of authority. Montone v. Bush, 167 So.2d 884 (2d Fla.App.1964).
 
 
 11
 In response, Borg-Warner argues that, even if the facts support a finding of agency, Doyle's defense must fail because the record contains no evidence that Doyle relied to his detriment on Myers' alleged representations. Doyle testified, however, that he agreed to sign the guaranty only because Myers promised that Borg-Warner would apply the guaranty solely to future business dealings and not to the lease at hand. This testimony sufficed to create an issue of fact with respect to reliance.
 
 
 12
 We conclude that the question whether Myers was Borg-Warner's agent for purposes of the guaranty raises a genuine issue of material fact not amenable to summary judgment. Because a dispute thus remains as to the existence of an agency relationship and the promised effect of the guaranty, we reverse the trial court's order of summary judgment against Doyle and remand.
 
 
 13
 Doyle Electric's efforts to revive its counterclaim merit only brief discussion. Under the terms of the standardized lease agreement, Borg-Warner rented the computer "as is" and disclaimed all warranties, express and implied. Thus, Doyle Electric remained obligated to pay rent even though the computer failed to operate properly. Doyle Electric asserts that summary judgment was improper because the warranty disclaimers and the rent provision create issues of fact whether failure of consideration or unconscionability warrant rescission of the lease.
 
 
 14
 For purposes of these arguments we see no functional difference between the purchase-option lease involved in this case and a direct purchase from a manufacturer financed by a mortgage. Doyle Electric ignores the fact that Borg-Warner, as the buyer, assigned its warranty rights against Burroughs, the seller, to Doyle Electric. Thus Doyle Electric had the contractual right to assert Borg-Warner's warranty rights against Burroughs. The assignment clause provided consideration for the rent obligation and preserved an adequate remedy for Doyle Electric, precluding unconscionability. It was Doyle Electric rather than Borg-Warner, moreover, who originally selected the computer that failed and who therefore was better situated to understand its potential defects. Given these circumstances, we conclude that summary judgment was correct and therefore we affirm the judgment of the court below with respect to the counterclaim for rescission.
 
 
 15
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 
 [1]
 Throughout this opinion we shall refer to the company as "Doyle Electric", to its president as "Doyle", and to Borg-Warner Leasing as "Borg-Warner"
 
 
 [2]
 Borg-Warner, a Delaware corporation, originally sued Doyle and Doyle Electric, both Florida citizens, in Florida state court. Doyle Electric proceeded to file a third party claim for indemnity against Burroughs, a Massachusetts corporation. Burroughs successfully petitioned for removal of the entire case on the basis of diversity. The federal district court later dismissed the claim against Burroughs for failure to state a claim for indemnity
 We note that Borg-Warner's initial claims against Doyle and Doyle Electric were not removable because those defendants were citizens of the state in which the action was brought. 28 U.S.C. Sec. 1441(b). The third party claim against Burroughs would have been removable if sued upon alone. Under 28 U.S.C. Sec. 1441(c), removal of the entire case was proper only if the impleaded claim was separate and independent of the original action.
 This case raises a serious question whether the indemnity claim against Burroughs was separate and independent of the original contract claims so as to warrant their removal. See 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3724, at 645-46 (1976); 1A J. Moore & B. Ringle, Moore's Federal Practice paragraphs 0.163[4.-6], 0.167 (1983). We do not believe that Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury, 622 F.2d 133 (5th Cir.1980), is dispositive because that case involved the propriety of removing a diverse third party indemnity claim which the federal district court had retained after remanding the original, nondiverse action. The panel in Carl Heck did not have to reach the more difficult question whether the original action itself would have been removable since the lower court had remanded the original action to state court. Nor need we address this issue since any error that occurred was a technical flaw that did not go to the subject matter jurisdiction of the court. Because Borg-Warner's action fell within the original diversity jurisdiction of the federal district court, the procedural defect under the removal statute was waivable by the parties. Monroe v. United Carbon Co., 196 F.2d 455 (5th Cir.1952); see Grubbs v. General Electric Credit Corp., 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972). We conclude that waiver occurred since this case proceeded without objection to consideration on the merits.