STATE OF IOWA, Appellee, v. FRANK LIVERMORE, Appellant.

**MUNICIPAL CORPORATIONS:** Ordinances—One Reading Without
1 **Suspension of Rules.** A record which affirmatively shows that a proposed ordinance was not given three readings, and that the statutory rule so requiring was not suspended, is *fatally* defective.

**MUNICIPAL CORPORATIONS:** Ordinances—Bunching Various Pro-
2 **posed Ordinances.** Various proposed ordinances may not be bunched under one motion and enacted *en masse.*

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

NOVEMBER 22, 1921.

THE defendant was charged with disorderly conduct, contrary to an ordinance of the town of Moville. Being convicted, he appealed to the district court of Woodbury County, where trial was had, and he was again convicted. From that judgment he appeals to this court.—*Reversed.*

*T. F. Bevington* and *Carlos W. Goltz,* for appellant.

*Henderson, Fribourg & Hatfield,* for appellee.

PER CURIAM.—At all stages of the case in the court below, the appellant challenged the legal existence and validity of the ordinance for an alleged violation of which he was convicted.

1. MUNICIPAL CORPORATIONS: ordinances: one reading without suspension of rules.

That question commands first attention; for, if the objection is well taken, it is an end of the case, and other matters presented by the record and the arguments of counsel become immaterial. The information upon which appellant was tried, reads as follows (omitting the formal title and jurat):

"The above named defendant is accused of the crime of disorderly conduct and disturbing the peace, for that, on the 17th day of June, A. D., 1919, at Moville, in the county of Woodbury, state of Iowa, said defendant did unlawfully, willfully, and maliciously disturb the public peace, being intoxicated and running his pool hall while in that condition, and by loud and indecent language used and spoken in a public place, contrary to the statutes in such cases made and provided."

It will be observed that the offense charged is an unlawful disturbance of the public peace by the defendant, by running his pool hall while in an intoxicated condition, and by loud and indecent language used and spoken in a public place, "contrary to the *statutes* in such case made and provided." There is no reference therein to any town ordinance by name, number, or title, and the accusation made is of a violation of the statutes. On the trial below, there was offered in evidence by the prosecution a record of the town of Moville, purporting to contain an ordinance which it was claimed had been violated by the defendant. The ordinance is entitled:

"Petty Offenses. An ordinance to provide for the public peace and good order of the town of Moville, Iowa."

It contains several sections, purporting to make it unlawful: First, to give a false alarm of fire; second, to refuse to assist the town marshal, when lawfully required by peace officers; third, to resist any officer in the discharge of his duty, or to rescue from the custody of an officer any person under arrest;

fourth, to make or incite disturbance of any public meeting lawfully assembled; fifth, to aid or assist in making noise, disturbance, or improper diversion on the street or public grounds; sixth, to disturb the peace of any person or persons, or use, with intent to provoke a breach of the peace, profane, indecent, or obscene language; and seventh, to unite in an unlawful assembly of persons to do violence to any person or property. Section 8 prescribes punishment for violation of the ordinance "by fine of not more than $100, or by fine and imprisonment not to exceed 30 days."

The record of the alleged enactment of this ordinance is somewhat confusing. It would appear, however, that, on August 8, 1898, there was a meeting of the town council, at which the enactment of eight different ordinances was under consideration. These measures were put to vote separately, and a record made of each vote in the minute book substantially as follows:

"On motion by [naming a member of the council], the ordinance providing for [naming the title] was adopted, as follows: Yeas, Bryant, Hall, Livermore, Smith, Dewey. Nays: none."

In none of these entries does it appear that the ordinance was read on three different days, as provided by statute, or that the rule requiring such readings was suspended. It is evident, however, that this defect in the proceedings was discovered later, and was sought to be cured by another vote, which is recorded as follows:

"On motion of Bryant, the rules were suspended and the following ordinances were declared adopted: Rules and Order of Business; Petty Offenses; Public Morals and Decency, To Prevent Danger from Rabid Dogs; Public Morals and Decency, Providing for the Suppression of Bawdy Houses; Removal of Snow from Sidewalks; Nuisances, Abatement of Nuisances. Yeas, Dewey, Livermore, Smith, Bryant. Nays, none."

We are forced to the conclusion that the defendant's objection to the validity of the ordinance is well founded. To the enactment of a valid ordinance, the statute makes it essential that it shall contain not more than one subject, clearly expressed in the title (Code Section 681); that it shall be fully and dis-

tinctly read on three different days, unless three fourths of the council shall dispense with the rule (Code Section 682) ; and that, on its passage, the yeas and nays shall be called and recorded (Code Section 683). If the record is deficient in any of these respects, the ordinance is without legal force or effect. See *Cook v. City of Independence,* 133 Iowa 582; *Farmers Tel. Co. v. Town of Washta,* 157 Iowa 447, 452; *Markham v. City of Anamosa,* 122 Iowa 689. The statute, in all its provisions con-

2. MUNICIPAL CORPORATIONS: ordinances: bunching various proposed ordinances.

cerning the enactment of ordinances, emphasizes the requirement that each measure shall be separately considered upon its own merits; and even a unanimous vote upon two or more ordinances jointly will not give validity to either. See the *Markham* case, supra.

In the case before us, the city record discloses that there was no compliance with the statute requiring the separate reading of the measure on three different days, no suspension of the rules, no separate calling or recording of the yeas and nays upon its passage. What was done was simply an attempt to suspend the rules, and to bunch together eight different, unrelated measures, and to enact them into ordinances by a single vote. This, as we have seen, cannot be legally accomplished.

The trial court should have sustained the defendant's objection to the ordinance.

This conclusion obviates the necessity of any discussion upon other assigned errors, and the judgment of the district court is reversed, without order for new trial.—*Reversed.*