STATE OF FLORIDA, ex rel. ALEX H. STEPHENS, *Plaintiff in Error,* vs. CITY OF JACKSONVILLE, a Municipal Corporation, and JOHN FOWLER, as Commissioner of Buildings, also known as Inspector of Buildings, for said City, *Defendants in Error.*
137 So. 149.
Division A.
Opinion filed October 20, 1931.
Petition for rehearing denied November 24, 1931.

*P. H. Odom,* for Plaintiff in Error;

*Austin Miller* and *Emmet Safay,* for Defendants in Error.

BUFORD, C.J.—The plaintiff in error applied to the authorities of the City of Jacksonville for a permit to build a garage to be used in connection with funeral parlors or mortuary which he proposed to conduct on the lot on which he sought to build the garage. The permit was refused because there was an ordinance No. U-146 which prescribed territory within the City of Jacksonville within which the business of an undertaker, embalmer, funeral director or mortician may be established or carried on, which territory did not include the lot or lots upon which it was sought by the permit to acquire authority to erect the building.

The plaintiff in error contended that the ordinance which the City invoked was not enacted in the manner prescribed by statute and, therefore, was not a valid ordinance of the City and contended that he was entitled to the permit and entitled to operate a funeral parlor at the site described

under the provision of ordinance No. U-125, which was a general zoning ordinance of the City of Jacksonville duly enacted as required by statutes in that behalf made and provided. Alternative Writ of Mandamus issued. Motion to quash and demurrers were filed to the writ and the same coming on to be heard, the motion to quash the alternative writ was granted upon grounds 5 and 6 of the motion to quash and the cause was dismissed at the cost of the relator. Grounds 5 and 6 of the motion were as follows:

"That said alternative writ of mandamus shows upon its face that respondent withholds and refuses to issue the building permit therein mentioned by virtue of lawful ordinance of the City of Jacksonville, to-wit Ordinance U-146.

6. That at the time the application for permit was made by the relator to the respondent for the issuance of the permit ordinance Q-25, certified copy of which is hereto attached, was in full force and effect."

Writ of error was sued out to the judgment.

In the case of State, ex rel. Skillman vs. City of Miami, et al., opinion filed May 12, 1931, this Court said:

"The business sought to be conducted by the plaintiff in error is that of a mortuary or funeral home. Section 3 of Chapter 10847, Extra-ordinary Session of 1925, authorized the City of Miami, among other things, 'to regulate or prevent slaughter houses or other noisome or offensive business within the City******to regulate or prohibit********the existence of any dangerous or un-wholesome trade or employment therein;***and gen-erally, to define, prohibit, abate, suppress and prevent all things detrimental to health, morals, comfort, safety, convenience and welfare of the inhabitants of the City'. Funeral homes, embalming establishments and mort-uaries have long been held to be subject to regulation under police power, and this before the modern practice of zoning became recognized as an attribute of munici-pal power."

In that same case it is also said:

"The conducting of a funeral home in a particular locality may not be detrimental to the health, morals,

safety or welfare of those surrounding and in close proximity to the establishment, but it is well within the province of the City Commission to determine that the location of such business will be detrimental to the comfort and convenience of those inhabitants of the City who immediately surround and are adjacent to the place where such business is conducted.''

And also:

''In the case of Zahn vs. Board of Public Works, 274 U. S. 325, 71 L. Ed. 1074; Gorieb vs. Fox, 274 U. S. 603, 71 L. Ed. 1228; Nectow vs. Cambridge, 277 U. S. 183, 72 L. Ed. 842, the validity of ordinances dividing the city into districts and limiting the use of real estate within such districts to certain purposes has been sustained, it being held that in order for such ordinance to be declared unconstitutional it must affirmatively appear that the restriction is clearly arbitrary and unreasonable and has not any substantial relation to the public safety, health, morals, comfort or general welfare.''

The case of State ex rel. Taylor vs. City of Jacksonville, reported 133 Sou. 114, and the case of State ex rel. Skillman vs. City of Miami, supra, may be said to definitely settle the right of a municipality when authorized by the Legislature to establish by ordinance, or otherwise, as the Legislature may prescribe, zones within which or outside of which within municipal limits a funeral home or mortuary may not be established or conducted.

The City of Jacksonville acquired its authority from the Legislature to establish building zones under the provision of sections 13 and 14 of Chapter 9783, Special Acts of 1923. These sections are as follows:

''The City of Jacksonville may in the interest of public health, safety, order, convenience, comfort, prosperity or general welfare, adopt by ordinance a plan or plans for the districting or zoning of the city for the purpose of regulating the location of trades, industries, apartment houses, dwellings or other uses of property, or for the purpose of regulating the height of buildings or other structures, or the area or dimensions of lots or

yards in connection with buildings or other structures, or for the purpose of regulating the alignments of buildings or other structures near street frontages. The zoning regulations may be based upon any one or more of the purposes above described. The City may be divided into such number of zones or districts and such districts may be of such shape and area as shall be best suited to accomplish the purposes of the zoning regulations. In the determination and establishment of districts and regulations classifications may be based on the nature or character of the trade, industry, professional or other activity conducted or to be conducted upon the premises, the number of persons, families or other group units to reside in or use buildings, the public, quasi-public or private nature of the use of the premises or upon any other basis or bases, relevant to the promotion of the public health, safety, order, morals, convenience, prosperity, or welfare.

Sec. 14. No ordinance adopting zoning regulations as above authorized, shall be passed by the Mayor and City Council of the City of Jacksonville, until after a comprehensive plan for the zoning of the city have been prepared and submitted to the Mayor and City Council by the City Commission. Whenever the City Commission shall certify to the City Council a plan for the zoning of the City, the Mayor and City Council shall hold a public hearing thereon and shall give notice of the time and place thereof by publishing the same in a newspaper of general circulation in the city once each week for not less than four consecutive weeks, and during said time a copy of such plan and proposed ordinances shall be on file for public examination in the office of the City Recorder, no ordinance, measure or regulation which violates, differs or departs from the plan or report submitted by the City Commission shall take effect, unless concurred in by the City Commission.''

Without the provisions of these two sections, it may be that the City of Jacksonville could have established zones in the exercise of its power to regulate funeral homes or mortuaries under its general police power as it is recognized by this and other courts that such power of regulation is vested in municipalities to regulate such establish-

ments. See State ex rel. Skillman vs. City of Miami, supra.

The power to regulate the establishment and conduct of such business has been limited in its application to the City of Jacksonville by section 14 of chapter 9783, above quoted, in that this section prescribes the manner in which such ordinances must be enacted. See section 14, supra.

The record here shows that ordinance No. U-146 was enacted and adopted by the Mayor and City Council without the participation of the City Commission, as is required by section 14 of the charter act, supra, and the record also shows that the notice required by the charter act was not complied with. It is elementary that a municipal corporation must receive all its powers, rights and franchises from its creator, the Legislature, and it can only exercise those municipal powers which are conferred by the Legislature; and that the Legislature may by statute prescribe and direct the method by which the municipal powers and franchises may be exercised. Ordinance No. U-146 applied to the business of undertaker, embalmer, funeral director or mortician and to no other business and it prescribed a zone within which such businesses could be established and operated by providing that except within a certain described area no person, firm or corporation could establish, maintain or operate such business without first having obtained and filed with the City Recorder the consent in writing of persons, firms or corporations who own three-fourths or more of the total foot frontage of lots on both sides of the streets and also corners bounding all sides of the block in which such persons, firm or corporation desires to establish and carry on such business, together with the consent in writing of three-fourths, or more, of the residents on both sides of the streets and also corners bounding all sides of the block in which such person, firm or corporation desires to establish and carry on such business.

The ordinance also provided:

"Section 2. The word 'residents' as used in this ordinance, shall mean the person owning and occupying, or renting and occupying, an entire house, apartment or store.

Section 3. No permit to build or alter any building or structure to be used for the purposes aforesaid, and no license to carry on the business aforesaid outside of the limits hereinabove defined shall be issued, unless such consent in writing of the property owners and residents shall have first been obtained and filed as hereinabove required.

Section 4. This ordinance shall not apply to or affect any such business or businesses now established and actually being carried on outside of the territory above prescribed."

So it is quite clear to us that the ordinance here under consideration was within the purview of, and, therefore, its passage was controlled by sections 13 and 14 of chapter 9783, supra, which provisions were not complied with in and about the adoption of the ordinance.

The judgment should be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.