WARRENSVILLE HEIGHTS, (Village), Plaintiff-Appellee, v. CLEVELAND RACEWAYS, INC., Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22933.   Decided January 11, 1954.

Thomas O. Matia, Myron, Myron W. Ulrich, for plaintiff-appellee.

Gottfried, Ginsberg & Guren, Simmons, Metzner, McNelly, Torbet & Vilas, for defendant-appellant.

(DOYLE, PJ, HUNSICKER, J, of the Ninth District, GRIFFITH, J, of the Seventh District, sitting by designation in the Eighth District.)

## OPINION
By GRIFFITH, J.:

The judgment, finding, and decree of this Court is in accord with that of the trial court upon the reasoning set forth in its opinion with the further added reasoning:

The right or authority of the solicitor to bring this action is challenged.   Sec. 4311 GC provides:

"The solicitor shall apply in the name of the corporation to a Court of competent jurisdiction for an order of injunction to restrain * * * the abuse of its corporate power."

The motion of January 28, 1953, was not passed in conformity to the statutory provisions.   Sec. 4224 GC, provides:

"No by-law, ordinance, or resolution of a general or permanent nature * * * or creating a right * * * shall be passed unless it has been fully and distinctly read on three different days, and with respect to any such by-law, ordinance, or resolution, there shall be no authority to dispense with this rule except by a three-fourths vote of all members elected thereto taken by ayes and nays on each by-law, resolution, or ordinance, and entered upon the journal."

This motion was not read on three different days. It was a motion "creating a right." Hence, the motion was not a valid legislative enactment, and the permit granted thereunder was invalid and of no legal effect.

Council in so acting, abused its corporate power. Any unlawful exercise of power by council, or the assuming of power by council which is not conferred by the constitution or the statutes, is an abuse of corporate power, and the solicitor shall apply for an order of injunction to restrain the same. **The Elyria Gas and Water Company v. The City of Elyria, 57 Oh St 374.**

Sec. 4311 GC, imposes a duty upon the solicitor in the interest of the public to apply for a restraining order as was done in the instant case.

For the reasons embodied in the trial court's opinion coupled with this further observation that the solicitor does have full authority to commence and maintain this action, the injunction heretofore granted restraining the defendant from proceeding with the construction of the barns pursuant to building permit No. 2962, is hereby made permanent, and the permit ordered cancelled. Judgment for the village. Exceptions noted. O. S. J.

DOYLE, PJ, HUNSICKER, J, concur.