THORNAL, Justice.
Appellants, who were respondents in a mandamus proceeding below, appeal from the granting of a peremptory writ directing them to issue a beer and wine license to the .appellee-petitioner.
The petition for the writ alleged that the appellee duly applied for an occupational license to permit her to sell beer and wine and that although she has complied with all the ordinances of the City, she was refused the license. Although many incidental issues are raised, the principal defense was that appellee’s business was located in a zone in the City of Panama City where, by two ordinances, it was required that a beer and wine establishment be at least 1,000 feet from a school or church or other beer and wine license holder and that the appellee’s location was within less than the required 1,000 feet of all three. The nub of the controversy is the question of the validity of the ordinance.
The charter of the City of Panama City, Section 40, Chapter 11678, Laws of 1925, reads as follows:
“Sec. 40. Legislative Procedure.— A majority of all members elected to the City Commission shall constitute a quorum but a less number may adjourn from day to day and compel the attendance of absent members in such manner and under such penalties as may be prescribed by ordinance. The affirmative of a majority shall be necessary to adopt any ordinance or resolution, and the passage of all ordinances and resolutions shall be taken by ‘Yeas’ and ‘Nays’ and entered upon the journal.”
The Minutes of the meetings of the City Commission which adopted the ordinances recite the time and place of the meeting and the presence of a legal quorum of the City Commission, naming them. The Commission thereupon in each instance proceeded to adopt the ordinance. On one of these ordinances the action of the council is shown as follows, to-wit:
“The following Ordinance being presented as an emergency Ordinance, and the same being read in full, thereupon it was moved by Commissioner Ward, seconded by Commissioner Jinks and carried by a unanimous affirmative vote that said Ordinance be adopted.”
The action was shown to be identical on the second ordinance except as to the names of the Commissioners,
*698 The attack on the ordinance is grounded on the proposition that the City Charter requires that the passage of all ordinances be taken by Yeas and Nays and entered upon the journal and that in this instance the journal fails to reflect the Yeas and Nays on the ultimate' passage of the ordinance.
The Circuit Judge held the ordinance ineffective because of failure to comply with the requirements of the charter. We are compelled to agree with the trial Judge. The City has only such powers as are specifically granted to it or necessarily implied from the powers so granted. We have held that an ordinance of a municipal corporation is not enforceable until every provision of the city charter necessary to give it legal existence has been strictly complied with. See Adams v. Isler, 101 Fla. 457, 134 So. 535; State ex rel. Stephens v. City of Jacksonville, 103 Fla. 177, 137 So. 149.
In considering an act of the Legislature in the light of a similar requirement of our State Constitution in the case of Lasseter v. State, 67 Fla. 240, 64 So. 847, this Court commented upon the opinion of Judge Cooley in Steckert v. City of East Saginaw, 22 Mich. 104, wherein it was held that the record of a vote on a municipal ordinance to the effect that it w,as adopted “unanimously on call”, the names of those voting not appearing otherwise than by the statement of those present at the opening of the session, is not a compliance with a statute similar to the one before us. It was further held that under such a statute the Yeas and Nays on each ordinance or resolution must be entered at large on the Minutes. The reason for the, rule is further stated in the cited case as follows:
“ ‘What, is designed by this statute is to fix upon each member who takes part in the proceedings on these resolutions the precise share of responsibility which he ought to bear, and that by such an unequivocal record that he shall never be able to deny either his participation or the character of his vote. * * * ’ ”
In making reference to the legislative-requirement that the vote of the members-of a city commission be recorded, Judge-Cooley in the cited case further stated:
“ * * * ‘They hav-e imperatively required that there should be record evidence of a character that should not be open to contradiction, or subject to dispute; and their requirement cannot be complied with according to its terms, nor satisfied in its spirit and purpose, without entries in the minutes showing who voted on each resolution embraced by the section quoted from the charter, and how the vote of each was cast. In other words, the ayes and noes on each resolution must be entered at large on the minutes, so that the presence or participation of any member shall not be left to conjecture or inference.’ ”
We hold, therefore, that in view of the particular charter provision the ordinances under attack in the case at bar were not adopted by the City Commission of the City of Panama City in accordance with the requirements of its charter and that they, therefore, failed to become effective and constitute no bar to the issuance of the license sought by the appellee.
We have considered the other questions raised by the appellant and find that they are without merit. The judgment is, therefore, affirmed.
DREW, C. J., TERRELL and THOMAS, JJ., concur.