PER CURIAM.
Appellant seeks review of an order denying its motion to temporarily enjoin[1] appel-lee from enforcing certain ordinances. We reverse.
Appellant, in its motion for temporary injunction and at the hearing thereon, relied on the allegations of its sworn complaint. The thrust of the complaint and of the argument at the hearing was that appellant has operated a night club in the City of Oakland Park, and that the enactment of ordinances to roll back the closing hours of night clubs from 4 a.m. to 2 a.m. on six days of the week and to 3 a.m. on Sundays was invalid because the procedure required by *134 Section 18 of the City of Oakland Park Charter had been violated. Section 18 of the Charter provides, in pertinent part:
The affirmative vote of three (3) members shall be necessary to pass any ordinance on a reading, or adopt a resolution, and the passage of all ordinances and resolutions shall be taken by a “Yes and “No” and entered upon the minutes.
Appellant incorporated by reference in and attached to his verified complaint what he swore to be certified copies of minutes of the meetings at which the ordinances were enacted. These minutes only recited that on roll call all had voted in favor of the ordinances.
We agree with appellant’s argument that Nelson v. State, 83 So.2d 696 (Fla.1955) governs this case. In Nelson the court held the ordinances under attack had been improperly enacted when the charter of Panama City required that “passage of all ordinances and resolutions shall be taken by ‘Yeas’ and ‘Nays’ and entered upon the journal” and the minutes recited the ordinance was carried by a unanimous affirmative vote.
The City contends that the “minutes” to which appellant refers are only summaries of what occurred at the meetings and that the “official minutes” consist of the summaries and the recorded tapes of the meetings. Although counsel for appellee made this argument at the hearing, it was also incumbent upon appellee to state the facts under oath before the court could consider them.[2]
Accordingly, we reverse the order which denied the motion for temporary injunction and remand to the trial court to order a temporary injunction after consideration of the issue of bond.[3]
REVERSED AND REMANDED.
GLICKSTEIN and HURLEY, JJ., concur.
MOORE, J„ dissents without opinion.

. The motion was filed and the order was rendered prior to January 1, 1981, the effective date of the amendments to Florida Rule of Civil Procedure 1.610.

. Appellee included in its appendix an affidavit by the City Clerk supporting its contention. This affidavit was not presented to the trial court and cannot be considered by this court. In fact, it was executed a week after the trial court issued its order denying the temporary injunction.

. We recently affirmed an order that denied a temporary injunction sought to prohibit the City from enforcing one of the two ordinances under review. However, in the previous case we noted: “The complaint in this case does not attack the procedures followed in the adoption of the ordinance in question.” Playpen South, Inc. v. City of Oakland Park, 396 S6.2d 830 (Fla. 4th DCA 1981).